29488. ADAMS *v.* POWELL, *et al.,* receivers.

DECIDED JUNE 17, 1942.

*Charles E. Dews, Lowrey Stone,* for plaintiff.
*A. B. Conger,* for defendants.

Broyles, C. J. L. V. Adams, a bastard infant, by his next friend, sued the defendants to recover the value of the life of his mother, her death having been caused by the alleged negligence of the defendants' employees in operating one of their trains. The petition was dismissed on demurrer. Counsel for the plaintiff in his brief makes the following statement: "The only question presented by the bill of exceptions is whether a bastard child, seven years old, who is entirely dependent upon his mother, is prevented from recovering for her homicide *solely by reason of his illegitimacy.*"

The Code, § 105-1306, as amended by the act of 1939 (Ga. L. 1939, pp. 233, 234), is as follows: "The husband and/or child or children may recover for the homicide of the wife or mother, and those surviving at the time the action is brought shall sue jointly and not separately, with the right to recover the full value of the life of the decedent, as shown by the evidence, and with the right of survivorship as to said suit, if either shall die pending the action." Said Code section, before it was so amended, was as follows: "The husband may recover for the homicide of his wife, and if she leaves child or children surviving, the husband and children shall sue jointly and not separately, with the right to recover the full value of the life of the decedent, as shown by the evidence, and with the right of survivorship as to said suit, if either shall die pending the action." Code § 105-1307 provides: "A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to her or his support. . ." Code § 105-1302 reads as follows: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence." The right of action provided for in these sections, which are based upon the act of 1887 (Ga. L. 1887, pp. 43, 45), is in derogation of the common law and therefore the sections must be strictly construed, and when so construed the word "child," or "children," employed therein means legitimate child or children. "In other words, bastards are not within the term 'child' or 'children.'" *Robinson* v. *Georgia Railroad & Banking Co.,* 117 *Ga.* 168 (43 S. E. 452, 60 L. R. A. 555, 97 Am. St. R. 156), and cit. The decision in that case is controlling in the case at bar and is so recog-

462

nized by the able counsel for the plaintiff in error, who has requested this court to certify the question to the Supreme Court and to ask that court to review its decision in the *Robinson* case, supra. To comply with that request would be a futile gesture, since in the recent decision of *Cargile* v. *State*, 194 *Ga*. (20 S. E. 2d, 416), the Supreme Court ruled: "The Court of Appeals is not authorized by the constitutional provision permitting that court to certify questions of law to the Supreme Court to request a review by the Supreme Court of a decision rendered by the Supreme Court. Such a request must be declined."

We have read with interest and sympathy the scholarly and appealing brief of counsel for the plaintiff in error. We agree with him that the present law is a harsh one and that it should be so changed as to permit an illegitimate child, dependent on his or her mother, to recover for her tortious homicide. However, courts can not change laws; they can only interpret them.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*