38608.   GOLPHIN v. CITY COUNCIL OF AUGUSTA.

DECIDED JANUARY 17, 1961.

*Julian B. Willingham, Hull, Willingham, Norman & Towill,* for plaintiff in error.

*Wm. C. Reed, E. D. Fulcher, Fulcher, Fulcher, Hagler & Harper,* contra.

TOWNSEND, Presiding Judge. Acts creating pension funds and like benefits resulting from employment are in general to be given a liberal construction in favor of the employee. *Van Treeck v. Travelers Ins. Co.,* 157 Ga. 204 (121 S. E. 215). It is of course true that a construction of such acts primarily involves determining the intent of the legislature, and that each such act must depend on its own particular language. It is true that there is language in the present act, which because of its length will not be here set out, indicating that "retired employees" are not to be considered under those provisions of the act relating solely to "permanent employees"—for example, section 9, which provides for deductions from the salary of "every employee, whether temporary, casual or permanent." Since retired employees do not receive a salary, this provision would suggest that they are not "employees" within the terms of the act.

On the other hand, much of the act seems to treat retired employees as permanent employees regardless of the retirement status. The caption of the act itself says that one of its purposes is to provide "for payments to a permanent employee from said fund" various forms of pensions. Sections 18 and 24 refer to placing a permanent employee "on the pension list." Section 24 relates pension payments to current salaries for the position held rather than to the salary drawn by the employee in such position. Section 2(g) defines a permanent employee as one "who has continuous employment for the requisite probationary period" and subdivision (f) thereof defines continuous employment as "employment unbroken by discharge or resignation." As seen above, retirement is not the same as either discharge or resignation. One who separates from his employment before retirement is entitled to receive back one half of the sums paid by him into the retirement fund. Section 20 simply provides that if a permanent employee is separated from the service of his employment by death, his surviving spouse shall receive 100% of the sums paid into the fund by him less any amounts received by him, without interest. If we are correct in construing a retired employee to be nevertheless a "permanent employee" within the meaning of the act, then this plaintiff is

entitled to recover the balance of the amount paid into the fund by her husband and not recovered by him in the form of pension payments. We are persuaded to some extent to this conclusion by *City of Macon v. Herrington,* 198 Ga. 576 (32 S. E. 2d 517) which held that, although there were indications in the act pointing in both directions, the phrase "any member of the fire department" not limiting the scope of the category to active members, would be construed to relate not only to active members, but to members on sick leave, and also retired members on pension.

The trial court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Carlisle, Frankum and Jordan, JJ., concur.*