49458. STATE BAR OF GEORGIA v. HAAS.

ARGUED JULY 1, 1974 — DECIDED OCTOBER 23, 1974 — REHEARING DENIED NOVEMBER 13, 1974.

*Omer W. Franklin, Jr., Robert H. Davis, Jr.,* for appellant.

*Jack E. Miller,* for appellee.

*Daniel B. Hodgson, Michael A. Doyle,* amicus curiae.

BELL, Chief Judge.

■ Is a person serving in our nation's armed services as a judge advocate a practicing lawyer? During the oral argument, counsel for the State Bar admitted that the appellee was practicing law during his service as a judge advocate. This admission is borne out by the record. As the appellant testified at the hearing and as required by federal regulations, the only way one can be commissioned and designated as a judge advocate in our armed forces is to be a graduate of an accredited law school and to have been admitted to the practice of law before the highest court of one's state. See 32 CFR 885.13 and 881.30. (The Air Force Regulations On Appointment of Judge Advocate Officers).

It is common knowledge that during the last two

decades the military services have vastly upgraded their corps of lawyers. In the process they have provided all service men with competent legal advice and representation and have turned the system of criminal justice in the armed services, which at one time was subject to much criticism, into modern, fair and formal legal proceedings of the highest order. See 10 USC 801 et seq. Nor is the scope of their practice limited to criminal justice. It extends to all facets of the practice of law. Numerous legal publications conclude that "military bar members" are just as actively practicing law as any other lawyer in the civilian community. We agree with that premise as apparently does the State Bar as indicated by its admission that the appellee was practicing law during his service as a judge advocate. See Lanning v. State Board of Bar Examiners, 72 N. M. 332 (383 P2d 578); Hodson, The Judge Advocate Lawyer, 34 Bar Examiner 56 (1965), and Howell, Does Judge Advocate Service Qualify For Admission On Motion? 53 ABAJ 915. (1967). In holding that judge advocate service constitutes the active practice of law, we find ourselves in agreement with some 36 other jurisdictions. See Munnecke, Problems in Bar Admissions On Motion, 32 FBJ 170, 174. This holding also is in accord with an often expressed policy of the American Bar Association. 60 ABAJ, pp. 1216-1218 (1974). It is worthy to note that the State Bar admitted during oral argument that it had not objected to the admission on the basis of comity of other judge advocates who were assigned to a military post in their state of admission for the five-year prescribed period. They object to appellee solely on the basis that he had not been assigned for five of the past eight years within the jurisdiction of his admission. At most that is a distinction without a reason as the practice of law as a military judge advocate must be the same wherever performed. Also as we shall see in the following division, the statute does not authorize that technical distinction.[1]

---

[1] The State Bar stipulates that applications for admissions by comity of all lawyers, including but not limited to those of the military, number as follows: 22 in

■ Of course, the appellee's admission to our Bar is contingent on his meeting the requirements of our comity statute. The State Bar conceded that the appellee had met all of the requirements of the statute and voluntarily restricts the issue here to be interpretation to be given to Code Ann. § 9-202 (a, 1) which provides: "(a) An applicant for admission under this chapter shall be considered as meeting the prior legal practice and experience qualification required under § 9-201 (a) (6) if—(1) he, as a licensed attorney, has engaged on a substantially full time basis in the practice of law in a State of the United States or in the District of Columbia for time periods totaling cumulatively at least five full years within the eight-year period immediately pre-ceding the filing date of his application under § 9-203 . . ." The State Bar, asking for guidance, suggests that this statute may be subject to the construction that the required prior legal practice must have been in the state of admission, in this case New York. If that be the true construction, the State Bar concludes, then the appellee's application here shows on its face that he had not practiced in New York for the required period of time and is not entitled to admission by comity. Basically, the statute requires that an attorney seeking admission by comity must be "licensed" and must have "practiced" as a "licensed" attorney for the prescribed time "in a State" or in the "District of Columbia." The pre-eminent rule governing the construction of statutes is to carry into effect the legislative intent and purpose if that be within constitutional limits. *Lewis v. City of Smyrna,* 214 Ga. 323 (104 SE2d 571). It is clear that the General Assembly's intent in enacting this provision was that it intended to authorize the admission of attorneys who have met the requirements and who have engaged in the lawful, i.e., licensed practice of law for the prescribed time. The

---

1970; 28 in 1971; 19 in 1972; 28 in 1973; and 26 (through September) in 1974. From these small numbers, it is to be seen that there is no basis for concern that Georgia may become a "dumping ground" for out-of-state lawyers.

appellant, State Bar, is in essence asking this court to engraft a requirement by judicial construction that all of the required prior practice must have been in the state of admission. The statute, however, does not say that. For us to hold that would be for us to legislate. This we cannot do as we may only interpret laws and may not change them. *Adams v. Powell,* 67 Ga. App. 460 (21 SE2d 111). The State Bar cites to us the case of *Wallace v. Wallace,* 225 Ga. 102 (166 SE2d 718) in support of its position. However, *Wallace* is not in point. Aside from holdings on constitutional attacks against the statutory existence of the State Bar itself which certainly have no application to this case, *all* that *Wallace* held is that appellant was not a member of the State Bar in good standing while suspended for nonpayment of the required license fee and thus was not lawfully practicing law sufficiently to qualify him for election to the office of solicitor general [district attorney] as he had not practiced law for the constitutionally required three years preceding his election. *Wallace* had absolutely nothing to do with out-of-state practice except that it properly may be inferred that *Wallace* does require that the out-of-state practice forming the basis of a comity application must have been lawful. In its brief the State Bar makes the following statement: "If it should be argued that Colonel Haas has already practiced law at various military installations for all of the last eight years, the answer is that such would be a legal impossibility in view of the ruling in the *Wallace* case..." This is nothing more than an indirect statement that the appellee was practicing law illegally while discharging his duties as a judge advocate in the Air Force. We disagree. A license is a right granted by some competent authority to do an act, which in the absence of a license would be illegal. *Home Ins. Co. v. City Council of Augusta,* 50 Ga. 530, 537. The United States of America is a union of fifty states. The whole is greater than any of its parts. Therefore, when a person is authorized to practice law for the United States Government that person wherever he may be assigned owes allegiance to this country and its laws and is indeed practicing law "in a State of the United States or the District of Columbia." Therefore, when competent

authority within the Air Force designated the appellee as a judge advocate it very plainly authorized him to lawfully practice law within the jurisdiction of the military. His initial designation as a judge advocate was contingent on his being a member either of the District of Columbia Bar or a State Bar in good standing. Thereafter his continued practice as a military lawyer was contingent on his remaining a member of his original Bar in good standing. Thus wherever he performed the practice of law as a judge advocate pursuant to military orders at home or abroad, he was in a very practical sense representing the Bar of his admission and practicing under their auspices. This meets the requirements of the statute.

The appellee has met all requirements for admission and the trial court's judgment admitting him to the practice of law was correct and its judgment is affirmed.

*Judgment affirmed. Quillian and Clark, JJ., concur.*