## 54167. BENNETT OIL COMPANY v. HARRELL.

BIRDSONG, Judge.

The appellant, Bennett Oil Company ("Bennett"), brought an action against appellee, W. B. Harrell ("Harrell"), alleging that Harrell had orally guaranteed the credit of one Hunter in the amount of $2,000. Having failed to obtain satisfaction on its account with Hunter, Bennett contends that it is entitled to recover $2,000 from Harrell. Bennett challenges the trial court's finding that Harrell's alleged guarantee was within the Statute of Frauds and the subsequent grant of summary judgment for Harrell.

The facts establish a classic "personal guarantee" case, involving the promise of a third party to answer for the debt or default of another. Hunter, a lessee of Harrell, purchased petroleum products on account from Bennett. Although Harrell denies making any guarantee, Bennett claims that Harrell ". . . orally promised to pay [Bennett] for petroleum products delivered to his station, *if Hunter failed to pay,* up to $2000." (Emphasis supplied.) *Held:*

The Statute of Frauds requires that a promise to answer for the debt, default, or miscarriage of another be written and signed by the party to be charged. Code Ann. § 20-401 (2). Assuming, arguendo, that Harrell did, in fact, orally guarantee payment of Hunter's account, up to $2,000, the issue is whether the parties meant for the promisor (Harrell) to stand in the place of the third party (Hunter). *Lewis v. Dan Vaden Chevrolet,* 142 Ga. App. 725 (1977). Here there is no evidence to establish that the agreement contemplated that Harrell would be primarily liable to Bennett. Instead, the uncontroverted evidence established that, *if Hunter failed to pay,* then Harrell would act as a limited surety, up to $2,000.

Plainly, Harrell allegedly was "guaranteeing" payment of Hunter's debts, up to $2,000, and not assuming the obligation as an original undertaking, as Bennett contends. Additional evidence established that, in fact, Hunter was sued by Bennett, and a default judgment entered, before this action was brought.

On these facts, we hold that Harrell's oral "guarantee" (if actually made) was collateral and not an

independent undertaking. See *Lewis v. Dan Vaden Chevrolet,* supra; *Ross v. W. P. Stephens Lumber Co.,* 138 Ga. App. 748 (227 SE2d 486) (1976). Accordingly, the Statute of Frauds requires that the agreement between the parties be in writing and signed by the party to be charged. Code Ann. § 20-401 (2). As Bennett based his right to recovery upon a parol agreement, the trial judge did not err in granting Harrell's motion for directed verdict.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 6, 1977 — DECIDED
SEPTEMBER 19, 1977.

*Kopp, Peavy & Conner, David L. Cavender,* for appellant.

*Memory & Thomas, J. Floyd Thomas,* for appellee.