## 56160. RUSSELL et al. v. ODUM.

BELL, Chief Judge.

Appellee, a deputy sheriff of DeKalb County, applied to the Pension Board of DeKalb County for disability retirement. The board, without granting appellee a hearing, denied the application. He then sought review via a writ of certiorari to the superior court. The court sustained the certiorari and entered an order directing the board to grant disability retirement benefits to the appellee. The board has appealed. *Held:*

Section 12 of the Act establishing the Pension Board of DeKalb County, Ga. L. 1962, pp. 3088, 3101, provides that the applicant for a disability pension shall submit the signed certificate from a licensed practicing physician of Georgia certifying to the disability of the applicant. This statute then requires the Pension Board to obtain another examination by the county physician or a physician named by the board "who likewise shall certify the physical ability or disability of the applicant. . . "; that in the event the physicians *"generally agree* upon disability" the fact of disability shall be conclusive and the board shall enter an order granting a pension in the proper amount. This same law goes on to provide that in the event the two physicians disagree, the board "shall conduct a hearing for the purpose of determining the true condition of the applicant . . ."; and at the hearing witnesses may be examined under oath for and against the application and both the board and the applicant may be represented by counsel. The appellee in compliance with the above submitted a letter from his physician who in summary certified that appellee had a 100% disability to his left foot and that he was not "capable of returning to work in the sheriff's department. . . " The board then had appellee examined by its physician. The latter in his report stated: ". . . I would specifically feel that he is capable of being a sheriff's deputy or any other county job available provided that it did not entail strenuous physical activity. I see no reason that he could not perform in any type supervisory job or sedentary occupation such as could be arranged as a dispatcher of equipment, etc. . .

In summary, this man is probably legitimately 100% disabled from being a deputy sheriff in the sense of someone who is out doing law enforcement in a physical sense where he might have to grapple with prisoners. In another sense, he is not in any way disabled as he would certainly be capable of being the dispatcher of sheriff's cars or being in a supervisory job where he could ride around in a truck and instruct other people." After receipt of this report, the board sought another medical opinion. This third physician stated that appellee could perform duties of a sedentary nature. The board denied the application without conducting the hearing contemplated by the statute. The superior court in its order while noting that appellee was denied a hearing, held that no hearing was necessary as the grant of the pension was mandatory as all three physicians certified that the appellee was totally and permanently disabled and not capable of performing his work. The holding that the grant of a pension was mandatory was erroneous. The last two examining physicians did not generally agree that appellee was permanently and totally disabled. While they did state that appellee was physically precluded from performing some strenuous duties, they both stated that there were other functions within the framework of his employment that he was physically able to perform. Thus there was evidence of disagreement as to physical ability and disability which placed the burden on the board to conduct the mandatory hearing contemplated by the law when disagreement arises. It was error to fail to grant appellee a hearing on this controverted issue. Accordingly, we affirm only that part of the superior court's judgment which reversed the board's order denying appellee's application with the direction that the board conduct a hearing on the issue; and we reverse that part which directs that the board enter an order granting a pension to appellee.

*Judgment affirmed in part with direction and reversed in part. Shulman and Birdsong, JJ., concur.*

ARGUED JUNE 26, 1978 — DECIDED
OCTOBER 5, 1978.

*James H. Weeks,* for appellants.
*Harvey, Willard, Elliott & Olsen, E. Christopher Harvey, Billy Olsen, Alan C. Harvey,* for appellee.