57726. CITY COUNCIL OF AUGUSTA v. KENNEN.

BIRDSONG, Judge.

This case is here for review of the grant of a partial summary judgment to plaintiff. The plaintiff sued to recover disability benefits under the Augusta Retirement System Act (Ga. L. 1949, p. 1070, as amended by Ga. L. 1971, p. 3796). The facts have been stipulated. The plaintiff voluntarily terminated her employment with the defendant city on April 15, 1974, after more than 21 years of continuous employment. At the time of termination, she had two options under the Augusta Retirement System Act, namely, (1) she could withdraw all of her contributions to the retirement system fund; or (2) in lieu of a refund of contributions, she could request a vested pension under Section IX of the Retirement System Act as

amended. Ga. L. 1949, pp. 1070, 1076; 1971, pp. 3796, 3798. Plaintiff elected the vested pension option. On December 8, 1977, the plaintiff became totally disabled from any gainful employment. Plaintiff, since the date of her disability claimed that she was entitled to benefits under Section V (4) of the Augusta Retirement Act. The trial court agreed and granted partial summary judgment as to the issue of plaintiff's eligibility for disability retirement benefits. *Held:*

A decision in this case requires a construction of the Augusta Retirement System Act, as amended, supra. Statutes creating pension funds resulting from employment are generally to be given a liberal construction in favor of the employee. *Golphin v. City Council of Augusta,* 103 Ga. App. 53 (118 SE2d 281). Nonetheless, the pre-eminent rule governing the construction of statutes is to carry into effect the legislative intent and purpose. *Lewis v. City of Smyrna,* 214 Ga. 323 (104 SE2d 571). The controlling portion of the statute under consideration is contained in Section V (4), Ga. L. 1949, p. 1070. It provides: "Section V. *Retirement. Any employee contributing* to the general retirement fund shall be entitled to retire on a pension to be paid from said general retirement fund as follows and not otherwise:

"(4) Upon becoming, after ten years of service, totally and permanently disabled from engaging in any gainful employment as the result of illness or injury from any cause arising, provided that no employee shall be entitled to a pension on account of disability caused by his own wilful misconduct or intoxication." (Emphasis supplied.) Defendant city correctly contends that the first phrase of this statute as quoted above controls the issue. As of the time of plaintiff's disability, she was not an "employee contributing" to the retirement fund. It is clear that under Section V (4) of the Act on which plaintiff bases her claims, the legislature intended to grant benefits to a *present* employee contributing to the fund and not otherwise. We have carefully considered plaintiff's arguments to the contrary and they are not persuasive. To adopt plaintiff's position would require us to rewrite the statute which we may not do. Courts may interpret laws, but may not change them. *Adams v. Powell,* 67 Ga. App.

460 (21 SE2d 111). The grant of a partial summary judgment to plaintiff was erroneous and we reverse.

*Judgment reversed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MAY 9, 1979 — DECIDED JULY 6, 1979 — REHEARING DENIED JULY 20, 1979 —

*Stephen E. Shepard,* for appellant.
*Fulcher, Hagler, Harper & Reed, Gould B. Hagler, Duncan D. Wheale,* for appellee.