## 58105. RUSSELL et al. v. ODUM.

SHULMAN, Judge.

This is the second appearance of this case involving a police officer's claim for disability retirement benefits. In the earlier appeal, this court directed the superior court to remand the case to the Pension Board of DeKalb County so that the board could conduct a hearing as to the extent and nature of the officer's disability. See *Russell v. Odum,* 147 Ga. App. 419 (249 SE2d 137). After conducting a hearing, the board again denied the application for benefits. In the ensuing review via certiorari, the superior court again sustained the certiorari and again entered a final order directing the board to grant disability benefits to appellee. On appeal from this judgment, we reverse.

1. The pension board found as a matter of fact that "Mr. Odum cannot perform the duties which he did perform as deputy sheriff in his original job." Appellee submits that this finding was repugnant to and necessarily precluded the board's conclusion that appellee-Odum was not totally and permanently disabled.

Implicit in the pension board's denial of disability benefits was the board's legal conclusion that a pension applicant is not "totally and permanently" disabled if the applicant is capable of performing duties other than those required of the applicant at the time of the disability. Thus, at the crux of the disagreement between the pension board and appellee lies the meaning of "totally and permanently disabled," which term is undefined in the DeKalb County Pension Act. See generally Ga. L. 1962, p. 3088, Sec. 8, Subsec. 4A; Sec. 12.

A. Although "[s]tatutes creating pension funds resulting from employment are generally to be given a liberal construction in favor of the employee [cit.] . . . the pre-eminent rule governing the construction of statutes is to carry into effect the legislative intent and purpose." *City Council of Augusta v. Kennen,* 150 Ga. App. 844, 845 (258 SE2d 651). See also *Drost v. Robinson,* 194 Ga. 703 (2) (22 SE2d 475).

B. Under Section 13 of the DeKalb County Pension Act, the board is empowered to require annual examinations of pensioners to review continuing eligibility for disability benefits. Under that section if a pensioner is found not to be disabled (i.e., totally and permanently disabled), then benefits may be terminated after a hearing provided that the pensioner is "tendered a position . . . having the same or equal pay with that position which such participant held at the time the disability pension was granted."

Thus, this provision plainly indicates a legislative determi-

nation that the disabled employee's ability or inability to resume the duties performed by the employee prior to the disability cannot be dispositive of whether an employee is totally and permanently disabled. Rather, the Pension Act contemplates that an employee capable of performing in another capacity is not entitled to disability pension benefits (provided an alternative position of at least equal pay is tendered).

In furtherance of this legislative scheme, we expressly hold that the initial determination of disability pension eligibility should be governed by this same standard. Accord, *Russell v. Odum,* supra, which impliedly adopted this holding. See generally Hoy v. Fireman's Pension Fund, Wyo. (540 P2d 531), holding that an injured active fire fighter was not entitled to disability pension benefits where the employee was capable of performing "floor-watch duty." Compare Knight v. Board of Trustees &c. Pension Fund of the Columbia Fire Dept., 269 S. C. 671 (239 SE2d 720), representing a contrary holding but involving a statutory scheme treating disability as the disabled employee's inability to resume the duties of the employee's former position. Therefore, the pension board properly considered the applicant's ability to perform substitute employment (of at least equal pay) in initially determining disability. Cf. generally *Cannon v. Macon Fire &c. Pension Board,* 137 Ga. App. 803 (1) (224 SE2d 851).

C. In reversing the decision of the board and rendering a final judgment in favor of appellee, the superior court apparently held that under the evidence adduced at the hearing and the findings of the board based thereon, appellee was entitled to disability pension as a matter of law. The three physicians' reports which were considered by the superior court in the first certiorari of this case were admitted into evidence at the pension board's hearing. See *Russell,* supra, for the substance of these reports. In addition, a clinical psychologist testified that appellee/officer was not psychologically or temperamentally suited for a sedentary or desk job. The additional testimony did nothing to resolve the conflicts in the evidence which were noted in the first appeal of this case. Thus, since the resolution of this conflict addressed itself to the pension board and since the findings of the board denying benefits were not legally erroneous, the trial court erred in holding on certiorari that appellee was permanently and totally disabled as a matter of law. See, e.g., *City of Atlanta v. Whitten,* 144 Ga. App. 224 (240 SE2d 771). See also *Atlantic C. L. R. Co. v. Thomas,* 12 Ga. App. 209 (77 SE 13); *Whiddon v. Atlantic C. L. R. Co.,* 21 Ga. App. 377 (4) (94 SE 617).

2. Appellee submits that the board's uncontested finding that he was no longer capable of performing as a deputy sheriff, coupled

with evidence showing that the sheriff's department failed to offer him any substitute position, demanded an award of disability benefits in his favor. This is not well taken.

A review of the evidence adduced at the hearing shows that while discussions were pending between appellee and the sheriff's department concerning alternative employment for appellee in the sheriff's department, but before a different position was tendered to appellee, the department terminated appellee's employment because of his prior misconduct. If that termination were proper, then appellee would not be entitled to disability benefits. Since the evidence was not sufficiently developed as to this point, the certiorari was properly sustained.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED JULY 2, 1979 — DECIDED DECEMBER 10, 1979 —

*James H. Weeks,* for appellants.
*Billy Olsen, E. Christopher Harvey,* for appellee.