## 59489. SMITH v. JONES et al.

BIRDSONG, Judge.

Summary judgment. The appellant D. L. Smith invested $20,000 in a joint venture together with several others in Intersouth, Inc., a land development company wholly owned by the appellee, T. D. Jones. Smith initially invested in a trailer court site.

That enterprise did not come into fruition. Jones had executed a separate letter agreement with Smith that if the trailer court enterprise did not successfully evolve, Jones would return the entire investment to Smith or reinvest Smith's share in some other enterprise. Jones issued a new agreement wherein the trailer site enterprise was dissolved and Smith signed the new agreement as a joint venturer investing his $20,000 in Georgia West Investors in lieu of the return of the $20,000 in cash. The development effort of Georgia West Investors likewise proved fruitless. Interstate then purchased all the shares held by the venturers in Georgia West and issued notes as payments. In view of the separate agreement between Jones and Smith wherein Jones agreed to hold Smith harmless from loss of his investment, Jones had given to Smith additional shares from Jones' own assets when the trailer enterprise had been "rolled over" into Georgia West. Thus, Smith was given a note for $27,500. Jones then interested several investors, including Smith, in a mall project in Kentucky. Smith was induced to invest an additional $2,500 in cash. Thus, Smith invested $30,000 in the Cumberland Square Shopping Center, but with only $22,500 of his own assets involved. Smith asserts that Jones repeatedly told him (Smith) that Jones would protect and guarantee Smith's investment, but admits that the promise to hold him harmless from loss was not put into writing after the first investment of $20,000 in the trailer enterprise. Smith offered evidence that Jones assured him (Smith) that leases had been obtained for spaces in the shopping center; that financing had been obtained; and that things were well under way toward a successful development. Jones however encountered financial difficulty and offered to sell the mall interests to a third party. A contract was entered into to sell those rights for $160,000. The purchaser defaulted causing Intersouth to lose the property. Intersouth sued the purchaser and eventually settled for $55,000. Intersouth offered to settle with Smith for $6,600 which equaled Smith's pro rata share in the enterprise. Smith declined the offered settlement. Instead Smith brought the present complaint against Jones seeking the return of his investment per the promise of Jones (Count 1) as well as punitive damages for fraudulently inducing Smith to invest in the Cumberland Mall enterprise (Count 2). Jones moved for summary judgment and offered to the court two depositions plus affidavits and a brief. These were countered by affidavits and a brief by Smith. The trial court granted summary judgment to Jones but left the two depositions sealed. Smith brings this appeal contesting the grant of summary judgment because the trial court did not open and consider the depositions as well as because Smith believes there

remain genuine issues of fact as to the fraud count. *Held:*

1. The first enumeration is adversely governed as to the appellant by the recent decision of the Supreme Court in *General Motors Corp. v. Walker,* 244 Ga. 191, 193 (259 SE2d 449). That case holds that because the order of the trial court indicated the record was reviewed, this was a sufficient showing of review of the documents even though the depositions were still sealed. In this case the order of the court does not affirmatively indicate that it considered the record. We do not believe the omission of such language is of any significance. In summary judgments, the parties need not formally offer their outside matter as evidence or have it marked as an exhibit at the hearing on the motion. Given this process, the court is obligated to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider all papers of record, as well as any material prepared for the motion that meets the standard prescribed in Rule 56 (e) as submitted by both parties. *Jackson v. Couch Funeral Home,* 131 Ga. App. 695, 696 (206 SE2d 718). We will presume that the trial court as a public official faithfully and lawfully performed the duties devolving upon him by law. *Bank of Clearwater v. Kimbrel,* 240 Ga. 570, 572 (242 SE2d 16); *Pope v. U. S. Fidelity &c. Co.,* 200 Ga. 69, 74 (35 SE2d 899). This includes depositions on file whether opened or not. *General Motors v. Walker,* supra, p. 193. This enumeration is without merit.

2. In his complaint Smith sued both for the return of his investment of $22,500 (based upon the promise to repay the investment) and for punitive damages based upon fraudulent statements. Jones contends that the only promise not faithfully executed was the promise to return the investment. He continues his argument that assuming such a promise orally was made after the first promise in writing relating to the trailer park development, that each subsequent promise to make repayment was in violation of the Statute of Frauds, citing Code Ann. § 20-401(2). *Bennett Oil Co. v. Harrell,* 143 Ga. App. 268 (238 SE2d 267); and *Lewis v. Dan Vaden Chevrolet,* 142 Ga. App. 725 (236 SE2d 866). While we do not disagree with that argument as it relates to Count 1, we conclude that the argument misses the point as to Count 2.

In his fraud count, Smith does not rely solely upon the promise to repay. It is true that Smith contends that the promise to repay is also a part of the fraud count for Smith asserts that Jones never intended to repay (see *Adamson v. Maddox,* 111 Ga. App. 533, 535-536 (142 SE2d 313)). But more importantly, Smith urges not a fraudulent promise to perform but urges that the entire contract to invest was vitiated because of fraudulent statements that induced

Smith to enter into the enterprise in the first place. Thus, Smith asserts that he was assured that leases had been obtained that apparently had not been negotiated; that the financing was assured, when it was not; that things looked "real good" for making a real profit while all the while the real estate market was becoming increasingly tight. These were not promises to perform, but alleged misstatements that induced Smith to enter into the various enterprises in the first place. Furthermore, it is clear that the investors, especially Smith, were without particular skill, experience or expertise in real estate development and accordingly looked to Jones successfully to invest their money. That this was the intent seems to be manifested by the fact that Jones' consideration for his share of the investment appears to be at least in some part based upon his managerial skill. Under the facts of this case, there remains a clear issue of material fact as to whether Jones made misrepresentations as to the development of the property in Kentucky (Cumberland Square). Where the alleged misrepresentations go to the inducement of the contract rather than a promise to perform under the contract, parol evidence is admissible to show that the contract was procured by fraud. *McCrary v. Pritchard,* 119 Ga. 876 (4) (47 SE 341); *Edge v. Alertox, Inc.,* 47 Ga. App. 598 (2, 4) (171 SE 181); *Pollack v. Skelton,* 15 Ga. App. 1 (82 SE 381); *State Historical Assn. v. Silverman,* 6 Ga. App. 560 (65 SE 293); *Williams v. Moore-Gaunt Co.,* 3 Ga. App. 756 (60 SE 372).

If the papers before the court disclose a real issue of credibility, or apart from credibility, fail to establish clearly that there is no genuine issue as to any material fact, the motion must be denied. 6 Moore's Federal Practice ¶ 56.15[3]; *Durrett v. Tunno,* 113 Ga. App. 839 (149 SE2d 826). See *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256). Because there remained substantial issues of material fact as to the possible existence of inducing statements of Jones and the issue of reliance thereon by Smith, it was error for the trial court to grant summary judgment to Jones as to Count 2 of the complaint.

*Judgment reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED FEBRUARY 7, 1980 — DECIDED APRIL 28, 1980 — REHEARING DENIED MAY 15, 1980 — ▮▮▮▮▮▮▮▮

R. *Phillip Shinall, III,* for appellant.
D. R. *Sloan, Jr.,* for appellees.