67942. CONTINENTAL INSURANCE COMPANY v. CARTER.

DEEN, Presiding Judge.
From the briefs of both parties, it appears that the appellee, Edmund Carter, was a subcontractor for Newell Contracting Company, Inc. (Newell) on a utility improvement project for the City of Douglasville. The appellant, Continental Insurance Company (Continental), served as surety for Newell on the project. On May 26, 1983, Carter filed suit in the State Court of Fulton County against Newell and Continental for non-payment for work performed under the subcontract. The asserted basis of Continental's liability was the surety bond. Continental never answered the complaint, and on August 11, 1983, a default judgment against Continental was entered awarding Carter the sum of $20,112.06 ($11,365.50 for the work, $2,841.38 penalty, $5,872.18 attorney fees, and $33.00 costs). This order was entitled a judgment, but there was no express determination that there was no just reason for delay and no express direction for entry of judgment.

However, the record on appeal only indicates that on August 18, 1983, and on August 31, 1983, summons for garnishment were served upon the First National Bank of Atlanta and the Trust Company Bank, respectively, for accounts of Continental. On September 27, 1983, Continental filed a motion for release and stay of garnishment, but the state court denied this motion because Continental had never traversed the garnishment. Apparently, however, on the same day that this order denying the motion was signed, Continental did in fact file a traverse to the garnishment affidavit, but the state court subsequently denied the traverse on October 24, 1983. Continental here appeals from the denial of that traverse. *Held*:

OCGA § 18-4-65 (a) provides that "[w]hen garnishment proceedings are based upon a judgment, the defendant, by traverse of the plaintiff's affidavit, may challenge the existence of the judgment or the amount claimed due thereon." Continental contends that the trial court erred in denying its traverse to the garnishment, because there was no final judgment in this case and garnishment on a judgment necessarily requires the existence of a *final judgment*.

In this case, Continental had the burden of proving its contention that no final order/judgment existed that could serve as the basis for the garnishment proceeding. However, the record sent up from the trial court contains neither the default judgment nor any other substantiation that the underlying action between the appellee and Newell remains pending in the trial court.

Harmful error must be shown "by the record; it may not be done by assertions appearing only in his brief or in his enumerations of error. [Cits.]" *Bhatia v. West Cash & Carry Bldg. Materials*, 157 Ga. App. 145, 146 (276 SE2d 656) (1981). Whenever the record of another case is considered by the trial court (because introduced into evidence or because judicial notice is taken), that prior record should be included in the record on appeal. *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984). The appellant has failed to meet this burden of demonstrating error "by the record," and we must assume that the trial court's denial of the traverse was proper and supported by sufficient evidence. See *Berry v. Demmons*, 160 Ga. App. 712 (288 SE2d 78) (1981).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 17, 1984 —
REHEARING DENIED JUNE 1, 1984.

*John W. Hinchey, Lynn M. Schubert,* for appellant.
*Neil L. Heimanson, Reuben M. Word,* for appellee.