Dear Ms. Hackwood:
This opinion is in response to your question asking:
 Is the retirement compensation provided for under Section 476.530 RSMo 1978 to be 50% of the compensation provided by law at the time a judge leaves office or 50% of the compensation provided by law at the date a judge is eligible to receive a retirement benefit?
Section 476.530, RSMo 1978, states:
 The retirement compensation shall be equal to fifty percent of the compensation provided by law at the time of retirement for the judges of the highest court on which the retired judge served as a full-time judge. Retirement compensation shall be paid to the retired judge monthly during the remainder of his life. [Emphasis added.]
Your question asks whether the "time of retirement" for purposes of Section 476.530, RSMo 1978, is the time at which a judge leaves office or the time at which a judge is eligible to receive retirement benefits. Looking to both of the judicial retirement systems, Sections 476.450 to 476.510, RSMo 1978 and Supp. 1983, and Sections 476.515 to 476.570, RSMo 1978, RSMo Supp. 1983, House Bill No. 1370, 82d General Assembly, 2d Regular Session (effective October 1, 1984) and Senate Bill No. 491, 82d General Assembly, 2d Regular Session (effective August 13, 1984) (hereinafter sometimes referred to as the "Second Judicial Retirement System") and to Article V of the Constitution of Missouri, especially Sections 24.2 and 26 thereof, we are unable to find an applicable definition of the word "retirement".
The construction of retirement acts "primarily involves determining the intent of the legislature, . . . ." Golphin v. CityCouncil of Augusta, 103 Ga. App. 53, 118 S.E.2d 281, 282 (1961).
The purposes of retirement acts are stated in State ex rel.Cleaveland v. Bond, 518 S.W.2d 649, 652 (Mo. 1975) (quoting, Dillon on Municipal Corporations Section 430 (5th ed.)), as follows:
 The justification and basis for the enactment of statutes providing retirement benefits for public officers and employees is the public benefit to be derived from (1) encouraging competent and faithful public officers and employees to remain in the service over prolonged periods and not to seek employment elsewhere, and (2) encouraging retirement from public service of "those who by devoting their best energies for a long period of years to the performance of duties in a public office or employment have, by reason thereof or of advanced age, become incapacitated from performing the duties as well as they might be performed by others more youthful or in greater physical or mental vigor. * * *"
In examining the incentives created in concluding that the "time of retirement" is the time at which a judge is eligible for retirement benefits, one finds the following: Under Section476.520, RSMo 1978, a person needs, inter alia, to be at least sixty-five (65) years of age and to have served in this state an aggregate of twelve (12) years, continuously or otherwise, as a judge before being eligible for benefits under the Second Judicial Retirement System. Thus, if the "time of retirement" is the time at which a judge is eligible for retirement benefits, a judge under age sixty-five (65) could "retire" under the Second Judicial Retirement System, after serving twelve (12) years as a judge and begin receiving retirement benefits at age sixty-five (65) in the same amount as judges who remained in state service continuously until reaching age sixty-five (65).
The foregoing construction of the statute does not encourage competent and faithful judges to remain in state service. This construction would be inconsistent with the purposes of retirement acts, as expressed in the Cleaveland case. Accordingly, we conclude that the "time of retirement" for purposes of Section476.530, RSMo 1978, is the time at which a judge leaves office.
CONCLUSION
It is the opinion of this office that the retirement compensation provided by Section 476.530, RSMo 1978, is fifty percent (50%) of the compensation provided by law at the time the judge in question leaves office.
Very truly yours,
 JOHN ASHCROFT Attorney General