### 69797. SULLIVAN v. BROWNLEE et al.
(331 SE2d 622)

SOGNIER, Judge.

Colleen Sullivan, a former police officer with the Fulton County Police Department, filed an application for a disability pension with the Board of Trustees (Board) of the Fulton County Public Safety Employees' Pension Fund (Pension Fund), which denied her application following a hearing. Sullivan then brought a petition for writ of certiorari in the Superior Court of Fulton County, naming as defendants the members of the Board of the Pension Fund. Sullivan appeals from the trial court's affirmance of the Board's denial of her pension application and the trial court's denial of her petition for writ of certiorari.

1. Appellant contends the superior court erred by applying the "any evidence" standard of review of the record before the Board rather than a "substantial evidence" standard and by failing to hold a hearing on the merits of appellant's petition. The parties agree that

the superior court held a hearing on appellant's petition and requested briefs regarding the proper standard for review. In their subsequent briefs to the superior court the parties agreed that the superior court was required to apply the "substantial evidence" standard in its review of the administrative proceedings. See OCGA § 5-4-12 (b); *Smith v. Elder*, 174 Ga. App. 316 (329 SE2d 511) (1985).

On appeal appellant has the burden of demonstrating harmful error by the record, *Continental Ins. Co. v. Carter*, 171 Ga. App. 162, 163 (318 SE2d 770) (1984). Appellant has failed to show affirmatively by the record that the trial court did not apply the "substantial evidence" standard in its review of the administrative record. Because appellant failed to rebut the presumption that the superior court faithfully and lawfully performed the duties devolving upon it by law, *Smith v. Jones*, 154 Ga. App. 629, 631 (1) (269 SE2d 471) (1980); *Cox v. City of Lawrenceville*, 168 Ga. App. 119, 120 (1) (308 SE2d 224) (1983), we hold the trial court did not err in its consideration of appellant's petition for certiorari. See *Continental Ins. Co.*, supra at 163.

2. Appellant contends the superior court erred by affirming the Board's decision denying her pension because that decision was not supported by substantial evidence. On appeal, our standard of review of the trial court's decision, the "any evidence" test, "is not intended to supervene or diminish the requirement that an administrative ruling be supported by substantial evidence." *Guntharp v. Cobb County*, 168 Ga. App. 33, 35 (307 SE2d 925) (1983); see OCGA § 5-4-12 (b). Thus we must determine whether there is any evidence supporting the superior court's ruling that the Board's denial of appellant's pension application was supported by substantial evidence. See *Guntharp*, supra at 35.

Appellant claimed a line-of-duty disability pension pursuant to the resolution creating the Pension Fund which provides for pensions for Fulton County Public Safety employees in the case of total and permanent disability. The resolution does not define the term "total and permanent disability" but does state that the Pension Fund is governed where practicable by the same rules and regulations as the Fulton County General Employees' Pension Act, except in cases of express conflict. Under the Fulton County General Employee's Pension Act, which sets forth the terms of the General Employee's Pension Fund, pensioners may be required to undergo annual examinations, to enable a review of their continuing eligibility for disability benefits. Ga. L. 1949, pp. 850, 856-857. Under this section, benefits may be terminated if a pensioner is found not to be disabled. Id. However, there is a conclusive presumption of disability if the county authorities fail to offer the pensioner a comparable job with the same pay. Ga. L. 1949, pp. 850, 856.

The applicable provisions of the resolution creating the Pension Fund under consideration in this case are very similar to the provisions of the pension act examined by this court in *Russell v. Odum*, 154 Ga. App. 547 (269 SE2d 27) (1980). We held in *Russell* that in the initial determination of eligibility for permanent and total disability, an employee capable of performing in another capacity is not entitled to disability pension benefits, if an alternative position of at least equal pay has been tendered. Id. at 548. Therefore, in the case sub judice, if there is any evidence that the Board had before it substantial evidence that appellant was capable of performing in her former capacity or in another capacity with the Public Safety Department and had been tendered an alternative position of at least equal pay, we must affirm. See *Russell v. Odum*, supra at 548; see *Guntharp*, supra at 35.

Appellant was wounded and a fellow officer killed in a shooting incident following their response to a burglary call placed to the Fulton County Police Department. In deciding appellant's application for a pension, the Board had before it the deposition testimony of four psychiatrists who agreed in their diagnoses that appellant suffered from post traumatic stress syndrome as a result of the shooting episode. Only one of the four psychiatrists stated that, in his opinion, appellant was permanently disabled and could not perform another job with the Public Safety Department. The other three psychiatrists each gave appellant a good diagnosis for recovery with treatment although they testified that appellant would not at the time of their depositions be able to work as an on-line police officer. Two of the psychiatrists testified that, at the time of their depositions, appellant could work in an administrative job with the department. Other evidence was presented that appellant had been offered alternative and equal employment with the police department.

The foregoing facts support the superior court's determination that the Board's decision was based on substantial evidence. See *Russell v. Odum*, supra; *Guntharp*, supra at 35; OCGA § 5-4-12; *Smith v. Elder*, supra. Therefore, the superior court did not err by affirming the Board's denial of appellant's application for a disability pension.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I agree with the judgment of the majority. However, I do not agree with that portion of Division 2 which purports to articulate the application of our standard of review of the superior court's decision. Specifically I refer to the statement of the majority that "we must determine whether there is *any evidence* supporting the superior court's ruling that the Board's denial of appellant's pension applica-

tion was supported by substantial evidence." (Emphasis supplied.) (Majority opinion, page 814.) I simply do not believe that, in the context of this case, the "any evidence" standard has any application. I would affirm because "our own review of the record convinces us that there was substantial evidence to support the decision of the [Board]." *Smith v. Elder*, 174 Ga. App. 316 (329 SE2d 511) (1985).

DECIDED MAY 7, 1985 —
REHEARING DENIED MAY 22, 1985.

*Michael W. Elroy, Frederick F. Saunders, Jr.*, for appellant.
*John Tye Ferguson, Susan Barker Forsling*, for appellants.