76195. ROGERS et al. v. ROCKDALE COUNTY et al.
(371 SE2d 189)

BEASLEY, Judge.

Mr. and Mrs. Rogers brought a medical malpractice action against Rockdale County Emergency Medical Service and two individual paramedics, alleging that their failure to administer proper emergency care was the proximate cause of a disabling stroke suffered by Mr. Rogers. On April 27, 1987, the trial court granted defendants' motion for summary judgment as to all issues and all parties on the ground that sovereign immunity barred the claim. Following an order extending the time for notice of appeal for 30 days, the Rogerses timely filed a notice of appeal on June 24, accompanied by an affidavit of poverty. A 30-day extension for preparation and filing of the record on appeal was granted on July 27.

Before the record was completed and transmitted to this court, the Rogerses filed in the trial court, on August 10, a motion for reconsideration of the order appealed from, seeking to offer additional proof to show that defendants were covered by a liability insurance trust fund as discussed by the Supreme Court in *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300 (2) (357 SE2d 569) (1987), which became final on July 29, 1987, so as to render ineffective the defense of sovereign immunity to the extent of insurance coverage. The trial court held an *ex parte* hearing that same day and granted the motion for reconsideration, set aside and vacated the order of April 27 granting defendants' motion for summary judgment, and set a hearing on the matter for September 1. Mr. and Mrs. Rogers also dismissed their appeal without prejudice the same day. On October 26 the trial court again granted total summary judgment from which the instant appeal, filed November 23, ensues.

1. Appellees have moved to dismiss this appeal for lack of jurisdiction, contending that the language of the dismissal, which was handwritten at the bottom of the typed notice of motion for reconsideration, shows that the motion had been heard and ruled upon before the dismissal occurred. While it is stated that "Plaintiffs' Motion for Reconsideration, filed August 10, 1987, having been heard and granted, Plaintiffs hereby dismiss the above notice of appeal, without prejudice . . . ," it appears that the single document containing the notice of the motion and the voluntary dismissal, as well as the motion itself and the order granting it, were all filed simultaneously on August 10. The entry of filing by the clerk does not denote the hour of filing of any of these papers.

" 'The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown. [Cit.] This presumption may be rebutted, however, by proof of delivery for filing to the clerk [at a different time.] "The actual date of filing is the date upon which the paper is handed to the clerk to be filed." [Cit.]' [Cit.]" *Intl. Longshoremen's Assn. &c. v. Saunders*, 182 Ga. App. 301, 303 (2) (355 SE2d 461) (1987). Since there was no showing to the contrary, we will presume that the voluntary dismissal of the appeal was validly effected in a regular and legal manner prior to the filing, consideration and grant of appellant's motion for reconsideration. *Cox v. City of Lawrenceville*, 168 Ga. App. 119 (1) (308 SE2d 224) (1983). Accord *Sullivan v. Brownlee*, 174 Ga. App. 813 (1) (331 SE2d 622) (1985). We will not *presume* that the trial court acted when it was without jurisdiction and will instead "presume that the trial court as a public official faithfully and lawfully performed the duties devolving upon him by law. [Cits.]" *Smith v. Jones*, 154 Ga. App. 629, 631 (1) (269 SE2d 471) (1980).

There was, of course, nothing to prevent appellants from dis-

missing their notice of appeal in the trial court. See *Waldor v. Waldor*, 217 Ga. 496 (1) (123 SE2d 660) (1962); *Albert v. Bryan*, 150 Ga. App. 649 (258 SE2d 300) (1979). Any previous statutory limitations of this right were removed by the 1981 official recodification, which did not carry forward former Code Ann. § 3-510 (cited in *Waldor*, supra) and explicitly relegated OCGA § 5-3-8 to the chapter governing appeals to the superior court.

In regard to the propriety of appellants' motion for reconsideration, which they contend was actually an attack on the first judgment in the form of a motion to set aside based upon fraud, accident or mistake pursuant to OCGA § 9-11-60 (d), appellees assert that they received no reasonable notice of the motion or hearing thereon until after the hearing had taken place, in contravention of OCGA § 9-11-60 (f). This assertion is not borne out by the record, which shows that service was made. Nor is the specific denomination of the motion controlling, since "[t]he well established rule in Georgia is that, under our system of notice pleading, the substance, rather than the nomenclature, of legal pleadings determines their nature. [Cits.]" *Cotton v. Fed. Land Bank*, 246 Ga. 188, 191 (269 SE2d 422) (1980). See also *Roberts v. Bienert*, 183 Ga. App. 751, 755 (2) (360 SE2d 25) (1987).

A motion for reconsideration, which is non-statutory, can be ruled upon by the trial court *ex mero moto*, with or without notice to either party. *Holcomb v. Trax, Inc.*, 138 Ga. App. 105, 106 (225 SE2d 468) (1976). "The plenary control of the court over orders and judgments during the term at which they were rendered extends to all orders and judgments . . . save those which are founded upon verdicts. [Cits.]" *Allstate Ins. Co. v. Clark*, 186 Ga. App. 58, 59 (366 SE2d 394) (1988). No question has been raised as to whether the subject judgment was vacated during the term at which it was entered, and in any event, OCGA § 9-11-60 (f) provides that except for motions for new trial, "[i]n all other instances, all motions to set aside judgments shall be brought within three years from entry of the judgment complained of." Accordingly, we find no lack of authority in the trial judge to rule on the motion, and we deny the motion to dismiss the appeal.

2. The trial court correctly granted summary judgment to defendants. The Rogerses' contention that the paramedics as employees of the EMS were covered by a comprehensive liability policy insuring employees of the Georgia Department of Public Safety against liability resulting from the negligent performance of their public duties so as to waive their sovereign immunity to the extent of such coverage is adversely controlled by the recent decisions in *Ward v. Bulloch County*, 258 Ga. 92 (365 SE2d 440) (1988); *Dugger v. Sprouse*, 257 Ga. 778 (364 SE2d 275) (1988); *Bowen v. Columbus, Ga.*, 256 Ga. 462 (349 SE2d 740) (1986). The paramedics were not employees of the

Georgia Department of Public Safety, nor was the county EMS a part of the state agency.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 8, 1988 —
REHEARING DENIED JUNE 24, 1988 — 

*Charles H. Hyatt, Curtis R. Richardson,* for appellants.

*John A. Nix, John A. Gilleland, William W. Lavigno III,* for appellees.