A91A0684. EVANS v. FULTON COUNTY et al.
(408 SE2d 816)

COOPER, Judge.

Appellant appealed her dismissal from employment with the Fulton County Health Department to the State Personnel Board (the "Board"). The Board upheld the dismissal, and appellant filed a petition for certiorari in the superior court. We granted this discretionary appeal from the superior court's order affirming the decision of the Board.

The evidence reflects that at the time of appellant's dismissal,

she was employed by the Fulton County Health Department as a clerk. On March 16, 1988, appellant was involved in an automobile accident but was able to report to work on that day and the following two days. On March 21, appellant reported to work and informed her immediate supervisor that she was going to the doctor. When appellant returned later that day, she told her supervisor that her doctor advised her not to do any work that involved bending or stooping. When she was told that there was no such work available, she requested a leave of absence. Appellant was requested to bring in a statement from her doctor stating her condition, her prognosis and an estimated date on which she could return to work. Appellant was specifically told that the statement should be on the doctor's letterhead stationery. On March 22, 1988, appellant came to work and gave her immediate supervisor a signed prescription pad sheet from her doctor's office which had the notation, "off work status." Appellant left work and was informed later that day that the documentation was inadequate. Appellant did not report to work again until March 28, on which date she gave her supervisor another signed prescription pad sheet which stated, "Has back/neck injury from auto accident. She will be unable to work for an indefinite time." Appellant left work and was later informed that her documentation was still inadequate. She did not return to work, and on April 6, 1988, she was dismissed for abandonment of her job. Appellant testified at the personnel board hearing that she had understood that she had not been given authorized leave to be excused from work after March 28, 1988.

1. Appellant contends in her first enumeration of error that the decision of the Board was not supported by substantial evidence. The last day appellant reported for work was March 28, 1988, on which day she left work at approximately 11:30 a.m. Appellant was notified on April 4, 1988 that she was being dismissed from her employment effective April 6, 1988, for abandonment of her position for five or more consecutive work days. On April 15, 1988, the administrator of the Health Department wrote to appellant clarifying that appellant's termination was due to her failure to report to work or communicate with her supervisor for more than five working days. Specifically, appellant was advised that her termination was authorized by Fulton County Personnel Regulations 800-4 and 1800-2. Fulton County Personnel Regulation 800-4 provides that an employee who is absent from duty five (5) or more consecutive work days without proper notification and authorization shall be deemed to have abandoned his position and shall be terminated immediately, subject to any extenuating or mitigating circumstances that may apply. Regulation 1800-2 provides that an employee shall be dismissed upon the first offense for abandonment without reasonable excuse. The personnel board found that appellant's dismissal was for cause and was not based

upon personal, political or religious motives. The trial court found that the Board acted justifiably and non-arbitrarily in dismissing appellant and that the dismissal was supported by substantial evidence. On appeal, we must determine whether there is any evidence supporting the trial court's ruling that the personnel action taken by the Board was supported by substantial evidence. *Sullivan v. Brownlee*, 174 Ga. App. 813 (2) (331 SE2d 622) (1985). We find that sufficient facts were set forth at the hearing before the Board to support the trial court's ruling that the Board's action was supported by substantial evidence.

2. In her second enumeration of error appellant contends that her dismissal was contrary to Board Rule 800-4 which allows for dismissal on grounds of abandonment subject to any discoverable extenuating or mitigating circumstances. Appellant argues that her medical disability was an extenuating or mitigating circumstance which justified her action in not reporting to work. It is undisputed that appellant did not comply with the proper procedure for seeking a leave of absence; that she never received authorization excusing her absence from work; and that appellant knew that she had not been granted a leave of absence or permission to not report to work. The Board considered all of the evidence and found that appellant's injury was not an extenuating or mitigating circumstance such as to protect her from the Board's regulation requiring her dismissal for abandonment of her position. As noted in Division 1, there was sufficient evidence to support the trial court's ruling that the Board's decision was supported by substantial evidence. Accordingly, appellant's second enumeration is without merit.

3. Appellant's third enumeration of error, that she was denied due process because there was no rule specifying the type of medical documentation required, is without merit because no personnel action was taken against appellant for failing to submit the proper documentation with her leave request. Rather, appellant was dismissed because she unilaterally abandoned her employment after being informed that she had not been granted a leave of absence.

4. In her final enumeration of error, appellant contends that she was denied due process because she was not notified that her dismissal was the result of progressive discipline. Appellant was notified that she was being dismissed on the grounds that she had abandoned her job for five or more consecutive work days. Although the Board heard evidence regarding problems with appellant's job performance during her 14 months with the Department, it is apparent from the trial court's order that the reason for appellant's dismissal was job abandonment. Since appellant received notice of the reason for her dismissal, her contention that she was denied due process is without merit.

For the foregoing reasons, we find no error with the trial court's ruling affirming the decision of the Board.
*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JULY 5, 1991 —
RECONSIDERATION DENIED JULY 22, 1991 —

*William L. Skinner*, for appellant.
*Kilpatrick & Cody, Michael W. Tyler, Craig E. Bertschi*, for appellees.