# Court of Appeals
# of the State of Georgia

ATLANTA,  March 06, 2019

*The Court of Appeals hereby passes the following order:*

**A19D0341.   CASCADE FALLS HOMEOWNERS ASSOCIATION, INC. v. JENNIFER ROBIN GWIN.**

Plaintiff Cascade Falls Homeowners Association, Inc. filed suit against Defendant Jennifer Gwin to recover unpaid homeowners' assessments. On September 18, 2018, the trial court entered a final order and judgment in favor of Plaintiff and against Defendant in the amount of $1,385.49. Thereafter, Plaintiff filed a motion for reconsideration, arguing that the court erred in (1) finding that Plaintiff was not entitled to recover fees related to matters outside of this case, and (2) crediting payments made by Defendant on a previous judgment in the instant action. The trial court denied the motion for reconsideration on January 17, 2019, and Defendant filed the instant application on February 14, 2019. We, however, lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). "It is well established that the denial of a motion for reconsideration of an appealable order or judgment is not itself appealable and does not extend the time for filing a notice of appeal." *Savage v. Newsome*, 173 Ga. App. 271, 271 (326 SE2d 5) (1985). Here, Plaintiff filed its application 149 days after entry of the trial court's final order and judgment. Thus, this application is untimely as to the appealable judgment and invalid as to the order denying reconsideration.

Plaintiff asserts that we should construe its motion for reconsideration as a motion to set aside pursuant to OCGA § 9-11-60 (d).[1] In determining whether a motion is properly construed as a motion to set aside rather than a motion for reconsideration, we look to the substance of the motion. See *Rogers v. Rockdale County*, 187 Ga. App. 658, 660 (1) (371 SE2d 189) (1988). Here, Plaintiff clearly titled the motion as one seeking reconsideration, and the motion presented no grounds for setting aside the order under OCGA § 9-11-60 (d). Rather, Plaintiff argued that the trial court should reconsider its calculation of the final award of damages and attorney fees.

Because Plaintiff's application is not timely from an appealable order, it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/06/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] The denial of a motion to set aside under OCGA § 9-11-60 (d) is properly brought by discretionary application. See OCGA § 5-6-35 (a) (8).