# Court of Appeals
# of the State of Georgia

ATLANTA, January 26, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0516. BRIAN GADSDEN v. THE STATE.

Brian Gadsden was convicted of conspiracy to commit a felony and illegal use of communication facility in June 2017. Gadsden's trial counsel filed a timely motion for new trial, which the trial court denied in January 2020. In February 2020, Gadsden's trial counsel filed a timely notice of appeal of the trial court's order. The next day, Gadsden filed a pro se notice of appeal of that order and also a "motion for appointment of counsel and conflict of counsel," seeking the appointment of new counsel for the purposes of his appeal. In March 2020, Gadsden's trial counsel moved to withdraw his notice of appeal to permit Gadsden to "proceed pro se." The trial court did not enter an order permitting Gadsden's trial counsel to withdraw from the case, but in October 2020, another attorney entered an appearance on behalf of Gadsden. Upon the docketing of the appeal to this Court, Gadsden's appellate counsel filed a motion to remand to the trial court so that Gadsden could assert claims of ineffective assistance of counsel against his trial counsel. However, because there is no timely notice of appeal, we lack jurisdiction.

"A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect." *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014) (punctuation omitted). Here, both trial counsel and Gadsden filed notices of appeal. However, the record reflects that Gadsden was represented by counsel when he filed his pro se notice of appeal; indeed, nothing in the record indicates that trial counsel either withdrew or was relieved from representation at the

time Gadsden filed his pro se notice of appeal. See *White v. State*, 302 Ga. 315, 318 (2) (806 SE2d 489) (2017) ("[D]efense counsel's duties toward their clients extend for at least the 30 days after the entry of judgment when a notice of appeal may be filed."). Thus, when Gadsden's counsel withdrew the notice of appeal, Gadsden was left without a valid, timely filed notice of appeal. See *Harned v. Piedmont Healthcare Foundation, Inc.*, 356 Ga. App. 870, 872 (849 SE2d 726) (2020) ("The effect of [the appellant's] withdrawal of his notice of appeal, then, is that there was no notice of appeal pending when the 30-day window to appeal the trial court's order expired[.]"); *Rogers v. Rockdale County*, 187 Ga. App. 658, 659-660 (1) (371 SE2d 189) (1988) ("There was, of course, nothing to prevent appellants from dismissing their notice of appeal in the trial court."). Under these circumstances, Gadsden's pro se notice of appeal is a nullity, and we therefore lack jurisdiction to consider his appeal. See *Soberanis v. State*, 345 Ga. App. 403, 405 (812 SE2d 800) (2018). For this reason, the appeal is DISMISSED, *Harned*, 356 Ga. App. at 872, and Gadsden's motion to remand is DENIED as MOOT.

Because Gadsden was represented by counsel before the trial court, he is informed of the following in accordance with *Rowland v. State*, 264 Ga. 872, 875-876 (2) (452 SE2d 756) (1995):

> This appeal has been dismissed because of the absence of a proper and timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is DIRECTED to send a copy of this order to Gadsden, his trial

counsel, and his current attorney, and the latter also is DIRECTED to send a copy to Gadsden.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   01/26/2021*
    *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*