OPINION
This case is before us on motions to dismiss the appeal from an order fixing fees, and to strike certain portions of the record on appeal, as well as the record in its entirety. The motion to dismiss was made on the grounds following:
(1) That no notice of appeal was served upon the said George A. Montrose, as administrator of said estate, and/or upon George L. Sanford, or upon John R. Ross, his attorneys, within three days after filing of said notice of appeal with the clerk of the First judicial district court of the State of Nevada in and for the county of Lyon, in which the order was made.
(2) That more than thirty days elapsed between the filing of the notice of appeal and undertaking for costs on appeal in the lower court, and the filing of appellant's transcript on appeal with the clerk of said court.
(3) That more than twenty days have elapsed since *Page 21 
the appellant above named filed his notice of appeal and undertaking for costs on appeal, and appellant has failed and neglected to present his bill of exceptions for settlement to the judge of said lower court.
1. As we think that the appeal must be dismissed on the first ground, we need not consider the second and third, or the motions to strike. Sec. 9385.61, N.C.L. Supp. provides:
"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a written notice stating the appeal from the same or some specific part thereof, and within three days thereafter serving a similar written notice or copy thereof on the adverse party or his attorney; * * *."
Service of the notice of appeal within the prescribed time is mandatory and jurisdictional. Johns Manville Inc. v. Lander County, 48 Nev. 244, 247, 229 P. 387, 234 P. 518; Cunningham v. Cunningham, 60 Nev. 191, 102 P.2d 94, 105 P.2d 398.
2, 3. It appears from the affidavit of the clerk of the lower court that written notice of appeal was filed in his office on August 12, 1944. It is conceded that no notice of appeal was served on the administrator of the estate. But appellant contends that such service was made by mail under the provisions of sec. 8920, N.C.L., and in apt time, upon George L. Sanford and John R. Ross, attorneys for the administrator. His proof of that service is by his affidavit appearing in the record sent up, and by his affidavit filed here in opposition to the motion to dismiss. In the former affidavit made on October 25, 1944, he avers that on the 14th day of August 1944 he served a true and correct copy of the notice of appeal upon the attorneys for the administrator, John R. Ross and George L. Sanford, by enclosing the same in a separate sealed envelope addressed to each of them at his office in Carson City, Nevada, and by depositing said envelopes, postage fully prepaid, on said 14th day of August 1944 in the United States Post Office at Reno, Washoe County, Nevada. He avers that on said date at *Page 22 
said Reno he made a like service upon the clerk of said court at Yerington, Lyon County, Nevada. He made averments of other facts essential to service by mail. Attorneys for the administrator, John R. Ross and George L. Sanford, in support of the motion to dismiss, filed their joint affidavit in which it is averred, among other averments, that on the 17th day of August 1944 each received through the United States mail at Carson City, Nevada, what purported to be a true copy of the notice of appeal filed by appellant in his own proper person with said clerk on the 12th day of August, 1944; that in each instance the envelope in which said notice of appeal was mailed to each of said affiants, appears to have been mailed in Reno, Nevada, at the hour of 4:30 p.m. on the 16th day of August, 1944; that said envelopes showing the date and hour of mailing, as aforesaid, are attached to and made a part of said affidavit by reference. Copies of said notice of appeal were also attached. There is also filed in support of the motion to dismiss the affidavit of Pete Peterson, in which it is averred: "That he is now and at all times continuously from and after the 1st day January, 1937, was the duly and regularly appointed, qualified and acting Postmaster for the City of Reno, County of Washoe, State of Nevada. That for the period of time from August 12, 1944 to and including August 16, 1944, both dates inclusive, the practice followed by the Reno Postoffice in the collecting and dispatching of outgoing mail from the City of Reno and surrounding territory served by said Postoffice, was as follows: (1) All mail deposited in drop boxes was handled as follows: In residential Reno all mail was collected twice daily, and in down town Reno four times daily. An envelope bearing a 4:30 cancellation mark indicates that it was collected not later than 4 p.m. on the date appearing in the postmark. (2) An envelope on which appears a cancellation mark bearing the following words and figures, `Reno, Nevada, Aug. 16, 4:30 p.m.' indicates that said envelope was mailed in the City of Reno on the 16th day of August, *Page 23 
1944, was collected from the drop box in which it was mailed not later than 4:30 p.m. of said day, and such letter thereafter processed for destination given in the address on the envelope. An envelope so marked, being addressed to Carson City, Nevada, and showing that it had been cancelled at 4:30 p.m. on August 16, 1944, would indicate that it had been dispatched with the regular Reno to Carson-Minden mail, would have been loaded on the Reno-Minden train on the date of August 17, 1944, which train leaves Reno for Carson City and Minden at approximately 7:30 a.m. of said day."
In his affidavit made in opposition to the motion to dismiss, and to the affidavits in support of that motion, appellant reiterates that he served the notice of appeal as set forth in the affidavit of service contained in the transcript of appeal. He avers that having no information or belief upon the matters set forth in the affidavit of the Reno postmaster, denies all thereof, and alleges that said affidavit is not based upon fact but supposition alone. On information and belief he avers that the copies of notice of appeal referred to in the joint affidavit of Ross and Sanford were received by them prior to the time stated in their affidavit and were delivered in the regular course of the mail. He further avers that after mailing said notices of appeal and on or about the 16th day of August 1944 he wrote a letter to said George L. Sanford and John R. Ross and mailed the original of said letter to said George L. Sanford, addressed to him at Carson City, Nevada, and mailed the copy of said letter to said John R. Ross, addressed to him at Carson City, Nevada, each to their respective office address, requesting a copy of the court order made on June 14, 1944, and on information and belief avers that these are the envelopes referred to in their affidavit.
A question of fact is thus presented as to whether the notice of appeal filed with the clerk of the court on August 12, 1944, was duly served within the three days required by said section 9385.61.
If appellant served a copy of notice of appeal on the *Page 24 
14th day of August 1944 as he alleged in his affidavit, the service was in time because, under the provisions of sec. 8920, supra, service is complete at the time of the deposit in the post office. But it is otherwise if the deposit was not made until August 16, 1944, for then the service was one day late. A belated service is equivalent to no service at all, for there must be an actual service within the time required by the statute. Our consideration of all the evidence impels us to conclude that the preponderance thereof is against appellant's contention that the service of the notice of appeal was made in the time prescribed by the statute. The postmarks on the envelopes received by each of the administrator's attorneys are thus marked: "Reno, Nev., Aug. 16, 4:30 p.m. 1944." No contention is made that the postmarks are not genuine. The averment made in appellant's counter affidavit that the envelopes bearing those postmarks were envelopes enclosing letters to the attorneys which he had mailed on or about August 16, 1944, requesting a copy of an order made by the court, is mere conjecture and bears the implication that there has been a substitution. It is entitled to no weight. Counsel for the administrator are reputable attorneys of this court. One of them is a past president of the state bar of Nevada. Their affidavit and their characters, alike, refute the covert charge. A postmark on a letter is a circumstance tending to show that the letter was not put in the postoffice until the day shown in the postmark. Shellburne Falls Nat. Bank v. Townsley, 102 Mass. 177, 3 Am. Rep. 445; Hurley Bros. v. Haluptzok, 142 Minn. 269, 171 N.W. 928; Ellis' Adm'r v. Planters' Bank, 7 How., Miss. 235; 2 Greenleaf Ev. sec. 193.
4. When as here, two letters written by the same individual, bear a postmark of the same date, the circumstances become stronger because the chance that both were overlooked and not stamped in the post office until a later date than their deposit, becomes less likely. That two such letters were not noticed from the time of their deposit, as claimed on the 14th of August, until the *Page 25 
16th of that month, is so improbable as to cast doubt upon the verity of appellant's affidavit. The inference of a deposit in the post office on the latter date gains force from the affidavit of the Reno postmaster as to the regularity of procedure in that office in collecting and transmitting mail, and from the presumption that those in charge of receiving and transmitting mail perform their duties in a regular and proper manner.
In reaching the conclusion that the preponderance of the evidence is against our jurisdiction, we have also weighed appellant's affidavit in connection with the fact that his integrity as an attorney at law has been recently impeached by the board of governors of the state bar and the supreme court of California, for dealings with clients, which resulted in his suspension from the practice of law in that state for three years and three months. In re Copren, Cal. 152 P.2d 729.
The appeal is hereby dismissed.
 ON PETITION FOR REHEARING
June 4, 1945.