41604. CITY COUNCIL OF AUGUSTA v. MULCAY.

ARGUED NOVEMBER 1, 1965—DECIDED NOVEMBER 17, 1965—
REHEARING DENIED DECEMBER 2, 1965.

*Cumming, Nixon, Eve, Waller & Capers,* for appellant.

*Congdon & Williams, William P. Congdon, L. Barry Williams,* for appellee.

JORDAN, Judge. The defendant city council's appeal from the order of the trial court granting the plaintiff's motion for summary judgment is based upon three grounds: (1) that a suit to recover damages for breach of contract was not an available and proper remedy for the plaintiff to enforce his alleged pension rights; (2) that the plaintiff in applying for pension benefits did not produce evidence showing "that he has served efficiently for twenty-five years," as the charter provisions governing his pension benefits required; and (3) that the plaintiff in support of his motion for summary judgment did not present evidence to controvert the affirmative allegations of the defendant's answer which set forth as an issuable defense to this action the fact that the plaintiff had been discharged by the Augusta Civil Service Commission after a hearing on charges involving criminal misconduct. Upon review of the facts established in

support of the motion for summary judgment and consideration of the applicable provisions of the charter of the City of Augusta, as contained in the Act of 1925 (Ga. L. 1925, p. 867) and the Act of 1952 (Ga. L. 1952, p. 2771) amending such charter, which govern the plaintiff's rights to pension benefits, we find these contentions to be without merit for the reasons hereinafter set forth.

1. Section 8 of the Act of 1925 provided that "whenever any employee of the Fire Department of the City of Augusta shall have served for twenty-five (25) years as an employee of the City of Augusta, he shall be permitted to retire from active service on his own motion. . . The only qualification necessary for a fireman, employed by the Fire Department of the City of Augusta to draw said Retirement Pension, shall be evidence that he has served efficiently for twenty-five years as an employee of the City of Augusta, and is a fireman at the time of retirement. Such evidence shall entitle him to be elligible [sic] to draw the Retirement Pension." Section 10 of this Act provided as follows: "That this Act shall be construed by all as a contract between the City of Augusta, Georgia, incorporated as the City Council of Augusta, Georgia, and any fireman who is now employed by the Fire Department of the City of Augusta, or who may hereafter be employed by the Fire Department of the City of Augusta."

In view of these provisions of this Act which expressly declare that an eligible fireman may retire upon his own motion and that the Act shall constitute a contract between the City of Augusta and covered employees, it is our opinion that a suit to recover damages for breach of contract, arising from the failure of the city council to pay accrued pension benefits to an employee who had elected to retire on his own motion and who had informed the council of his retirement, is an appropriate action to determine the respective rights and liabilities of the parties, including the issue of whether or not the employee had served "efficiently" and other questions of eligibility.

The case of *City of Macon v. Herrington*, 198 Ga. 576 (32 SE2d 517), in which it was held that mandamus was the appropriate remedy to enforce the rights of the plaintiff therein to

pension benefits from the City of Macon, is easily distinguishable from this case. The pension Act under review there created a board of trustees to administer the pension fund and provided that such body should "pass upon all pensions of the fire department and all business pertaining to pensions or pensioners." Ga. L. 1939, p. 1149. Here the Act provides that the employee may retire upon his own motion and does not provide that any board or other body must pass upon the right of retirement which is expressly made a right of contract. Mandamus is an extraordinary legal remedy which may be resorted to only when there is no other remedy available. *Code* § 64-101.

2. The uncontradicted evidence adduced in support of the motion for summary judgment disclosed that the plaintiff on the date of his announced retirement, April 9, 1963, had served as a member of the Augusta Fire Department for a continuous period of 30 years, 5 months and 3 days, and that after serving more than 25 years with the department he had been promoted to assistant chief. While it is our opinion that *efficient* service within the contemplation of the pension Act may be presumed from length of service in view of the liberal construction accorded Acts of this nature (*Van Treeck v. Travelers Ins. Co.*, 157 Ga. 204 (121 SE 215) ; *City of Macon v. Herrington*, 198 Ga. 576, supra), clearly the fact that the plaintiff had been promoted to assistant chief of the fire department after serving more than 25 years constituted evidence in and of itself that the plaintiff had served efficiently before promotion to such position. The burden was thus upon the defendant city council to present evidence rebutting the plaintiff's showing of efficient service for 25 years and this it did not do.

3. The purported discharge of the plaintiff by the Augusta Civil Service Commission on May 20, 1963, as alleged in the defendant's amended answer to the petition, did not constitute an issuable defense to this action and it was not necessary therefore for the plaintiff in support of his motion for summary judgment to present evidence to contradict such allegations.

The Augusta Civil Service Commission was created by the Act of 1952, supra, amending the charter of the City of Augusta. This Act authorized that body to hear charges against

officers and employees of the city fire department under certain prescribed rules of procedure and provided that in the event the commission found the charges to be true, it could discharge such officers or employees. However, section 8 of this Act, as construed by the Supreme Court in *Mulcay v. Murray,* 219 Ga. 747, 754 (136 SE2d 129), limited the right of the commission to discharge an officer or employee of the fire department who had attained the age of 55 years and who had served for 25 years "without giving him the opportunity to retire." The clear import of this decision is that the Act of 1952 endowed a fireman, 55 years of age or older, who had obtained tenure with the absolute and vested right to retire even though, *after* obtaining tenure, he may have committed infractions of civil service rules which would otherwise have authorized his dismissal. Since the uncontradicted facts adduced in support of the motion for summary judgment disclosed that the plaintiff had attained the age of 55 prior to his announced retirement, his right to retirement benefits could not be adversely affected by the alleged discharge which occurred after his right to retire had accrued and had been exercised in the absence of a showing by the defendant that the alleged discharge was based upon misconduct that had occurred prior to the accrual of the plaintiff's rights.

The plaintiff in support of his motion for summary judgment having presented evidence disclosing that he was entitled to the retirement benefits sued for and the defendant city council having presented no evidence in rebuttal thereof in order to disclose the existence of a genuine issue of material fact, a finding was demanded for the plaintiff, and the trial court did not err in granting his motion for summary judgment. *Camp v. Fulton County Medical Society,* 219 Ga. 602 (1) (135 SE2d 277); *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580).

*Judgment affirmed. Felton, C. J., and Deen, J., concur.*