### 31232. ABBOTT CONSTRUCTION COMPANY v. HARTSFIELD et al.

NICHOLS, Chief Justice.

The appellant brought suit for specific performance of a contract to purchase land. The contract gave appellant the option to purchase any number of building lots it so chose in a subdivision owned by appellees. The contract provided for appellant to give notice no later than 6 p.m., May 6, 1974, of its election to exercise the option to purchase. The contract also provided that notice could be given by certified mail if postmarked by 6 p.m., May 6, 1974. The appellant's attorney gave the required notice to each appellee by certified mail. The notices were dated May 6, 1974 by the attorney's postage meter machine but showed no time. The official post office postmarks showed May 7 and May 8, on the two notices. The trial court found that the official postmark of the post office controlled and that the notices to exercise the option were given too late to comply with the terms of the contract. The court then granted defendants' motion for summary judgment and denied appellant's motion for summary judgment on the issue of liability. Appellant appeals.

The question here presented is not whether the notices were in fact deposited in the mail by 6 p.m., May 6, as stated in appellant's affidavit, but whether under the terms of the contract providing that: "The time of postmark shall be deemed the time of receipt of mailed notice." Black's Law Dictionary (Rev. 4th Ed.), p. 1328, defines postmark as: "A stamp or mark put on letters

received at the post office for transmission through the mail."

The United States Tax Court in construing the provisions of 26 USCA § 7502 in Rappaport v. C.I.R., 55 T.C. 709, 711 (1971), providing that the time of postmark shall be deemed the time of payment, held: "The risk of postmarking is on the taxpayer."

The Supreme Court of Nevada, in dismissing an appeal for failure to serve notice on opposing counsel within the time required concluded that the postmark would control over the affidavit of counsel as the time of mailing. In re Powell's Estate, 63 Nev. 19 (158 P2d 545). In the present case the appellant seeks to vary the terms of the contract as to the postmarking of the notice of intent to exercise the option. The trial court stated in its order granting summary judgment: "An envelope stamped by the use of a postage meter may or may not be placed in the mail on the same day as metered. Therefore, under the facts of this case the term 'postmark' as used in the contract cannot include both the affixing by the sender of a meter stamp by use of a postage meter and the affixing of a postmark by a post office employee."

The affidavit of appellant's attorney that he placed the letters in a mail box between 5 p.m. and 5:30 p.m. on May 6 does not make an issue of fact to be decided by a jury. The contract required the notice to be postmarked rather than placed in a mail box. The trial court did not err in granting summary judgment for appellees.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 16, 1976 — DECIDED JULY 9, 1976.

*Cofer, Beauchamp & Hawes, James H. Rollins, Peyton S. Hawes, Jr.,* for appellant.

*Long & Seifferman, Calhoun A. Long,* for appellees.