## 64820. KICKLIGHTER v. BLOCKER.

BIRDSONG, Judge.

Edwin Kicklighter was divorced from Marjorie (Kicklighter) Blocker on February 28, 1969. As a part of the divorce decree, Kicklighter was ordered to pay $20 per week each for his two minor children and to pay $20 per week as alimony to Blocker. Additionally, Kicklighter was ordered to transfer ownership of the marital residence on North Ralph Street to Blocker. Kicklighter was to discharge the indebtedness on the residence. Over a year later, in May, 1969, Kicklighter transferred by warranty deed the residence located on North Ralph as well as a second house located on Main Street. The warranty deed did not contain any reservations as to the transfer except that both houses were transferred subject to existing indebtedness. Blocker recorded the deed to the two houses in 1977. Kicklighter remained in possession of the Main Street house and apparently still is in possession. Blocker claims to be the owner of record and to have paid all taxes on the two homes since 1969. It is agreed that Blocker paid off the remaining indebtedness on the Main Street house in 1981.

Blocker instituted a writ for possession for the Main Street house contending that Kicklighter was a tenant holding over. She maintained in essence that because Kicklighter did not pay off the indebtedness on the North Ralph Street house (the marital residence), Kicklighter deeded to her both the Ralph Street and the Main Street homes in 1969. Kicklighter answered the writ of

possession maintaining that he was the equitable owner of the Main Street house and was entitled to have the legal title placed back into his name. Blocker sought admissions which in substance established ownership in herself. These admissions were not timely answered, and in due course, Blocker moved the trial court for summary judgment. Up until the time of the hearing on the summary judgment, Kicklighter had not retained formally the services of an attorney. On the day of the hearing on the summary judgment, Kicklighter appeared with an attorney who sought to file an affidavit and moved to withdraw the admissions established by the failure to answer in time. This attorney sought to show that he had mailed the affidavit and other pleadings on Saturday, January 30, 1982, two days before the scheduled hearing on the summary judgment on February 1, 1982. Blocker objected to the trial court considering the affidavit which was not physically filed in court until the day of the hearing. Though the affidavit and pleadings showed that they were signed on January 30 and reflected they were mailed on that day, there was no pick-up of mail until February 1 and each envelope bore the postmark of February 1. Kicklighter contends, and Blocker concedes, that if the certificate of counsel prevails over the postmark, the pleadings were timely filed and that issues of fact as to ownership are raised thereby. The trial court apparently did not consider the affidavit nor grant the motion to withdraw admissions and granted summary judgment to Blocker. It is this order that forms the basis for this appeal by Kicklighter. *Held:*

1. In his first enumeration of error, Kicklighter complains that there were unanswered questions of fact as to who was the owner of the Main Street house which precluded the grant of summary judgment. In his affidavit, Kicklighter argues that he paid taxes on the Main Street property "when and as billed" but did not specify when or how much he had paid as taxes. Mrs. Blocker argued that she had paid "all taxes" on the two pieces of property since 1969. This contention is not directly disputed by Kicklighter. Kicklighter also contended that he had signed over the property to Mrs. Blocker because he had been advised this was necessary in order to obtain a loan from a bank (apparently to pay delinquent alimony and support payments). He suggested that the necessity for delivery of the deed never arose and that Mrs. Blocker fraudulently obtained possession of the deed and improperly filed it for recording. Mrs. Blocker on the other hand contended that the deed was the result of the court order arising out of the divorce decree directing transfer of the Ralph Street property clear of indebtedness and that Kicklighter made a gift of the Main Street house because he had not complied with the court order requiring him to pay all expenses on the Ralph Street residence. She

further contended that the appellant was on notice of ownership by the filing some four or five years earlier showing that Mrs. Blocker claimed ownership of the Main Street house.

On the basis of the above contentions, it is clear that only if the trial court did not consider the affidavit and belatedly filed admissions could summary judgment properly have been granted to Mrs. Blocker.

We are confronted with an affidavit of counsel that he personally mailed the affidavit and motion on January 29 or 30 and the delay was because the mail was not picked up until February 1. However, the mail was postmarked February 1. Thus we are presented with the question: What date prevails — the certificate of counsel as to the mailing date, or the postmark?

Postmark is defined as "[a] stamp or mark put on letters received at the post office for transmission through the mails." Black's Law Dictionary (Rev. 4th Ed.), p. 1328. Moreover, the risk of postmarking is on the mailer. Rappaport v. C. I. R., 55 Tax Court 709, 711 (1971). It has been held that a postmark will control over the affidavit of counsel as to the time of mailing. In re Powell's Estate, 63 Nev. 19 (158 P2d 545). Thus, we conclude that the affidavit of counsel that he mailed the papers on January 29 or 30 does not prevail over the postmark of February 1. *Abbott Constr. Co. v. Hartsfield,* 237 Ga. 247 (227 SE2d 254). The affidavit and the belated response to the request for admissions were not filed or served until February 1, the date of the hearing on the summary judgment.

An affidavit made in opposition to a motion for summary judgment not served at least one day before the hearing is barred by the Civil Practice Act from consideration as evidence unless the record discloses the trial court, in the exercise of its discretion, has allowed the affidavit to be served and considered. *Malone v. Ottinger,* 118 Ga. App. 778, 779 (165 SE2d 660).

The record discloses no request by Kicklighter for an enlargement of time within which to file and serve the affidavit or motion to withdraw admissions, nor was there a finding of excusable neglect in failing to serve the affidavit as required by the CPA. *Wall v. Citizens &c. Bank,* 145 Ga. App. 76 (2) (243 SE2d 271). Accordingly, the trial court did not err in refusing to consider the affidavit. *Dutton v. Dykes,* 159 Ga. App. 48, 49 (283 SE2d 28). Nor do we find an abuse of discretion in the refusal of the trial court to allow the motion to withdraw admissions or to allow the belated responses. It is within the sound discretion of a trial court to allow a response to a request for admission after the statutory time for filing has passed and that discretion will not be subject to interference in the absence of clear abuse. *Peppers v. Siefferman,* 153 Ga. App. 206, 207 (265 SE2d 26).

We have no transcript of the hearing on the motions to withdraw or to allow further responses to the request for admissions. In the absence of a transcript, this court must assume that the trial court acted properly in concluding that Blocker demonstrated her case would be prejudiced if the request to withdraw was granted and new responses entered, for there is a presumption that a trial court acts properly in the exercise of its duties. *Davenport v. Smith,* 157 Ga. App. 870, 871 (278 SE2d 691).

2. In his second enumeration of error, Kicklighter argues that because Mrs. Blocker swore to her affidavit for writ of possession before a notary public rather than before the Clerk of Court of the superior court, the writ of possession was void ab initio. This enumeration patently is without merit. This is nothing more than an amendable defect. *Mellon Bank N. A. v. Coppage,* 243 Ga. 219 (253 SE2d 202); *Crump v. Jordan,* 154 Ga. App. 503 (268 SE2d 787). The appellee, Mrs. Blocker, amended the affidavit making her oath before the clerk of the superior court. Thus, there is no error to review.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED NOVEMBER 5, 1982 —

*Richard D. Phillips,* for appellant.
*Joseph D. McGovern, B. Daniel Dubberly, Jr.,* for appellee.