A92A0799. SCOTT et al. v. HAMILTON DORSEY ALSTON COMPANY.
(426 SE2d 55)

ANDREWS, Judge.

Dr. Scott and his professional corporation appeal the grant of summary judgment to Hamilton Dorsey Alston Company (Hamilton) in this action seeking recovery of premiums due for malpractice insurance.

Hamilton is an insurance agency representing, among others, St. Paul Fire & Marine Insurance Company (St. Paul). In 1983, it took over the business of Curtis Bryant Insurance Agency which had been providing malpractice insurance for Dr. Scott and his professional corporation. Premiums were paid as due until May 1986. In Novem-

ber 1986, Hamilton filed its complaint for the past due premiums in two counts, breach of contract and an open account.

On June 11, 1991, Hamilton filed its motion for summary judgment on both theories, attaching the affidavit of Hamrick, its chief operating officer and executive vice president. That affidavit stated insurance was provided through St. Paul at defendants' request from 1983 until September 1986, and that an account in their names for the premiums, credits, late charges, etc. was kept in the regular course of Hamilton's business. A compilation of that account reflected principal due of $6,288.34 and interest accruing at one-and-one-half percent per month. That compilation included crediting the account for credits provided by St. Paul, which set the rates, and "$11,512.00 returned when the Defendants cancelled the insurance coverage, and $8,057.00 in payments made by the Defendants."

Defendants' response was filed on July 18, 1991, and included Dr. Scott's affidavit as well as one of counsel, apparently to explain that the late filing was due to his having moved his office. Dr. Scott stated that "Plaintiff agency placed Defendant's malpractice insurance with the St. Paul Insurance Company. Defendant's rates were approximately $20,000 per year." Dr. Scott also states the premiums were doubled after a malpractice claim against him was settled, and that "Defendant protested the raise and while he paid several premiums because he needed coverage . . ." he later cancelled the coverage.

In pertinent part, the order granting summary judgment provides that "the Court having perused the record, including Defendants' response to Plaintiff's Motion for Summary Judgment and the affidavits of Dr. Scott and Mr. Henritze, . . . the Court notes that Plaintiff's Motion for Summary Judgment and its supporting affidavit stand unopposed as no *proper* response in opposition thereto has been filed. Although Defendants have filed a response, the same is not in compliance with USCR 6.5 and the Court considers the same insufficient to constitute a viable response in opposition to Plaintiff's Motion for Summary Judgment."

1. Pretermitting the question of whether the court's order can only be read as indicating that the summary judgment was granted without considering Dr. Scott's and the attorney's affidavits, to do so would have been erroneous because they should have been considered. *O'Quinn v. Southeast Radio Corp.*, 190 Ga. App. 608, 609 (1) (380 SE2d 487) (1989); *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64 (1) (374 SE2d 785) (1988).

2. Nonetheless, even if the order is so read, it does not mandate a reversal of the judgment entered.

"An appellate court in reviewing a lower court decision will affirm a judgment which is right for any reason." *Smith v. Fleming*, 183 Ga. App. 342, 343 (358 SE2d 900) (1987), quoted in *Wyse*, supra at 66.

Here, we have examined all the affidavits on file below, *Black v. Ga. Southern &c. R. Co.*, 202 Ga. App. 805, 808 (2) (415 SE2d 705) (1992), and it is apparent that Dr. Scott does not dispute that Hamilton served as the agent of St. Paul and obtained insurance for him, for which he paid premiums until he decided to cancel that insurance and obtain other coverage. This does not, however, create a material issue of fact which would require reversal. The compilation of premium amount due, contained in Hamrick's affidavit, stands undisputed. Therefore, summary judgment was appropriate. OCGA § 9-11-56 (c); *Concept-Nat. v. DiMattina Supply Co.*, 147 Ga. App. 865 (250 SE2d 552) (1978); see *Shea v. State Farm &c. Co.*, 198 Ga. App. 790, 791 (2) (403 SE2d 81) (1991).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 30, 1992.

*Walter M. Henritze, Jr.*, for appellants.
*Alston & Bird, Susan B. Devitt*, for appellee.