A93A1154. WASHINGTON v. GEORGIA FIREMEN'S PENSION FUND et al.
(438 SE2d 118)

ANDREWS, Judge.

Joel Lee Washington was employed full time as a firefighter from 1979 until he was injured in an accident in the course of his employment on February 25, 1991. He applied for disability retirement benefits pursuant to OCGA § 47-7-1 et seq. He was examined by a doctor who verified that he was physically disabled, but who also concluded that Washington's disability was partially the result of mental problems.

On April 29, 1992, the Board of Trustees of the Georgia Firemen's Pension Fund denied Washington's claim under OCGA § 47-7-102 (d), based on the fact that his disability stemmed in part from mental, psychological or emotional causes. Pursuant to that denial, on June 26, 1992, Washington filed a complaint in the Fulton County Superior Court against the Georgia Firemen's Pension Fund and the

Board of Trustees of Georgia Firemen's Pension Fund, and John C. Kilpatrick, Jr., as secretary/treasurer. The complaint sought benefits Washington claimed he was due under OCGA § 47-7-1 et seq. Defendants filed a motion for summary judgment, arguing that OCGA § 47-7-102 (d) (4) precluded his disability retirement benefits since his disability resulted from, or was partially attributable to a mental, emotional or psychological illness or condition. The trial court granted the motion, concluding that there was no indication that the Board of Trustees abused its discretion in denying the benefits.

Washington then filed an application for discretionary appeal in this court, which we granted.

1. In his first enumeration of error, Washington claims that the superior court applied an incorrect standard in reviewing the Board of Trustees' decision. He contends that OCGA § 47-7-1 et seq., provides no standard of review which would authorize the superior court's limited inquiry and that the superior court should have conducted a de novo hearing as to his claim for benefits.

OCGA § 47-7-23 delineates the powers and duties of the Board of Trustees of the Georgia Firemen's Pension Fund and provides that the board shall rule upon all applications. If an applicant is dissatisfied with the board's determination, OCGA § 47-7-124 (b) provides the only guidance for further action: "[n]o action shall be brought contesting any determination of the board with respect to . . . eligibility for retirement or disability benefits, the amount of retirement or disability benefits payable, or the termination or suspension of retirement or disability benefits after the expiration of 60 days from the date on which written notice of the final determination of the board is mailed by first-class mail to the last known address of the fireman . . . and no court shall have jurisdiction of any action brought after the expiration of such period. The written notice provided for in this subsection shall contain notice of the limitation established by this subsection."

Washington argues that this section grants an implied right to appeal by establishing a statute of limitation. Furthermore, he argues that OCGA § 5-3-29 provides that in *any* case where not otherwise provided by law, an appeal to the superior court is a de novo investigation and that the superior court was obligated to conduct such a de novo review here. Alternatively, he argues that the decision of the Board of Trustees involved a question of law and, as such, required a de novo review.

Appellees argue that the internal operating regulations of the board provide for an appeal. These regulations are not in the record before us, and we are unable to take judicial notice of them. See generally *Oliver v. City of Macon*, 241 Ga. 306 (245 SE2d 280) (1978). Further, appellees contend that, contrary to Washington's conten-

tions, OCGA § 47-7-124 does not provide a process for appeal, but that the proper remedy under that section is an action for mandamus. For our purposes here, it is not necessary to resolve this question,[1] since the narrow question before us is the applicable standard of review and that standard is the same regardless of whether the suit is a mandamus action or a judicial review of the board's decision. The applicable standard is that the "trial court must affirm the Board's decision unless the Board acted arbitrarily, capriciously, and unreasonably." *Carnes v. Charlock Investments*, 258 Ga. 771, 772 (1), n. 1 (373 SE2d 742) (1988).

Although the Board of Trustees may not be an administrative agency subject to the Administrative Procedures Act, see Op. Atty. Gen. U74-72, the superior court employed the proper standard for reviewing this administrative body's decision. See generally OCGA § 50-13-19 (h) (6) (specifying that in reviewing an administrative decision the trial court may not substitute its judgment for the board's on questions of fact, but may reverse if the administrative decision is arbitrary or capricious). When a factual dispute has been resolved by an administrative body which is statutorily vested with the responsibility to decide that dispute, the superior court is limited to determining whether there has been an abuse of discretion. See *Russell v. Odom*, 154 Ga. App. 547 (269 SE2d 27) (1980).

This standard of review is consistent with that provided for in OCGA § 47-17-1, with respect to the Peace Officers' Annuity and Benefit Fund. OCGA § 47-17-81 (p) provides that the review by the superior court "shall be conducted by the court without a jury and shall be confined to the record. The court shall not substitute its judgment for that of the board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board or remand the case for further proceedings. The court may reverse the decision of the board if substantial rights of the petitioner have been prejudiced because the findings, inferences, conclusions, or decisions of the board, are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the board; (3) Made upon unlawful procedure; (4) Clearly erroneous in view of the reliable,

---

[1] In *Pulliam v. Ga. Firemen's Pension Fund*, 262 Ga. 411 (1) (419 SE2d 918) (1992), our Supreme Court determined that the applicant for pension benefits had no property right in the benefits, since the statute regarding such benefits incorporated legislative changes applicable to the pensions. Thus, the extraordinary remedy of mandamus was appropriate, see *City of Macon v. Herrington*, 198 Ga. 576 (32 SE2d 517) (1944), since an action for damages for breach of contract would not be appropriate. Compare *City Council of Augusta v. Mulcay*, 112 Ga. App. 817, 820 (1) (146 SE2d 354) (1965). See also *Barnett v. Fulton County*, 255 Ga. 419 (339 SE2d 236) (1986) (writ of mandamus was proper against members of the pension plan boards for Fulton County employees under OCGA § 42-8-43.1); *Swann v. Bd. of Trustees &c. Benefit System*, 257 Ga. 450 (360 SE2d 395) (1987); see generally *Allison v. Domain*, 158 Ga. App. 542 (281 SE2d 299) (1981).

probative, and substantial evidence on the whole record; or (5) Arbitrary or capricious."

In this case, there was no error in the trial court's failure to conduct a de novo hearing.

2. In two more enumerations of error, Washington claims that the superior court erred in granting summary judgment to appellees and that the court erred in failing to consider the fact that Washington is totally physically disabled and incapable of performing his work-related tasks, regardless of any emotional or psychological disabilities. The court found that Washington was physically disabled, and that his disability stemmed, in part, from mental, emotional, or psychological conditions. OCGA § 47-7-102 (d) (4) provides that: "[n]o benefit shall be payable under this Code section for any disability which results from or is attributable to: [m]ental, emotional, or psychological illness or condition."

There was various medical evidence that Washington's disability was partially caused by mental problems. One doctor's opinion was that Washington's "problem is lumbosacral pain and depression and anxiety." Using the standard of review set forth above, we find no abuse of the superior court's discretion in its affirmance of the board's denial of benefits pursuant to OCGA § 47-7-102 (d).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur. Birdsong, P. J., disqualified.*

DENIED NOVEMBER 2, 1993 —
RECONSIDERATION DENIED NOVEMBER 22, 1993 —

*Davidson & Strain, John M. Strain,* for appellant.

*Michael J. Bowers, Attorney General, Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney,* for appellees.