A94A0310. DeLOACH v. GEORGIA FIREMEN'S PENSION
FUND et al.
(444 SE2d 137)

SMITH, Judge.

Frank DeLoach brought suit against the Georgia Firemen's Pension Fund ("the fund") and others, challenging the denial of his application for disability benefits. We granted his application to appeal from the trial court's grant of appellees' motion for summary judgment. OCGA § 5-6-35 (a) (1).

The motion was granted on two grounds. The court found that it lacked jurisdiction because DeLoach had not timely filed the action. The court also ruled that even assuming jurisdiction existed, evidence in the record supported the denial of benefits, and therefore the Board of Trustees of the fund had not abused its discretion in denying the application.

1. DeLoach contends the trial court erroneously granted appellees' motion for summary judgment on the ground of timeliness because a fact issue exists regarding whether his complaint was timely filed.

OCGA § 47-7-124 (b) provides that "[n]o action shall be brought contesting any determination of the board with respect to eligibility for . . . disability benefits . . . after the expiration of 60 days from the date on which written notice of the final determination of the board is mailed by first-class mail to the last known address of the fireman . . . as such address is reflected on the records of the fund; and no court shall have jurisdiction of any action brought after the expiration of such period." A letter dated July 20, 1992, from John C. Kilpatrick, Secretary/Treasurer of the fund, notified DeLoach that the board had denied his application. DeLoach's complaint was filed on September 21, 1992, 63 days later. If the notice is deemed "mailed" on July 20, the complaint was untimely, unless the 60-day period prescribed by the statute was extended under some other rule of law. However, if the letter was not "mailed" until July 21, the complaint was timely filed because the 60th day fell on a Saturday.

(a) DeLoach first argues that the 60-day period was extended

through the application of OCGA § 9-11-6 (e). That statute provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon him, and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." However, OCGA § 9-11-6 (e) applies "when *and only when* notice is effectuated by regular mail and the statutes prescribe that another method will 'satisfy' the notice requirement. . . . [It has] no application where transmittal by ordinary mail *is* the prescribed method of giving notice and the statutes specify that such mailing (not certified or registered) will 'satisfy' the notice requirement. . . ." *Favors v. Travelers Ins. Co.*, 150 Ga. App. 741, 748 (258 SE2d 554) (1979). Since OCGA § 47-7-124 (b) specifically prescribes that the notice be sent by first-class mail, OCGA § 9-11-6 (e) is not applicable here.

(b) DeLoach next argues that the letter was not "mailed" until July 21, 1992. OCGA § 47-7-124 (b) does not specify when a notice is deemed "mailed." In support of the motion for summary judgment, appellees presented an affidavit from Kilpatrick, in which he stated he placed the notification letter in the mail on the date shown on the face of the letter: July 20, 1992. In an affidavit submitted in opposition to the motion, DeLoach stated that when he received Kilpatrick's letter he "noticed that the envelope the letter was mailed in was postmarked July 21, 1992," but he did not know what happened to that envelope.

Relying upon *Kicklighter v. Blocker*, 164 Ga. App. 306 (297 SE2d 83) (1982), DeLoach argues that the postmark evidence he presented must prevail over Kilpatrick's affidavit. It has been held that a postmark will control over an affidavit as to the time of mailing. *Abbott Constr. Co. v. Hartsfield*, 237 Ga. 247, 248 (227 SE2d 254) (1976). In both *Kicklighter* and *Hartsfield*, however, the official postmark on the envelope was presented as evidence. Here, the evidence regarding the postmark consisted only of DeLoach's affidavit stating his recollection about it. It was opposed by Kilpatrick's affidavit, in which he stated his own recollection of when he placed the envelope in the mail. Under these circumstances, we hold that an issue of fact *was* created regarding when the envelope was mailed. Therefore, a summary judgment based on this issue was inappropriate.

2. Nevertheless, the trial court properly awarded summary judgment to appellees, because evidence in the record supports the board's denial of benefits.

The board is an administrative body statutorily vested with responsibility for ruling on all applications to the fund for pensions. OCGA § 47-7-23 (a) (2). The superior court was limited to determining whether the board abused its discretion in ruling on DeLoach's

application. *Washington v. Ga. Firemen's Pension Fund*, 211 Ga. App. 83, 85 (438 SE2d 118) (1993).

It is undisputed that DeLoach was employed by the Savannah Fire Department from 1971 to 1992. It is further undisputed that he suffers from a disabling back condition and is unable to work as a firefighter. In his application for disability benefits, DeLoach claimed this condition gradually resulted from a work-related fall in 1983. The board denied the application because it was unable to determine that DeLoach's disability stemmed from that fall.

Evidence in the record supports the board's decision. The fall was not documented in fire department records. Moreover, two treating doctors indicated that DeLoach's condition did not arise out of his employment, and one treating physician stated that DeLoach's back symptoms dated back to 1973. This evidence supports the Board's denial of disability benefits. Therefore, despite some evidence that the fall occurred, it follows that the Board did not abuse its discretion in denying DeLoach's application. See *Washington*, supra at 86 (2). The superior court correctly granted summary judgment in favor of appellees on this ground, and a judgment right for any reason will be affirmed. *Scott v. Hamilton Dorsey Alston Co.*, 206 Ga. App. 504, 505 (2) (426 SE2d 55) (1992).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED MAY 11, 1994.

*Kirwan, Goger, Chesin & Parks, A. Leroy Parks, Jr., Edmund J. Novotny, Jr.*, for appellant.

*Michael J. Bowers, Attorney General, Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney*, for appellees.