A07A2061. FULTON COUNTY BOARD OF TAX ASSESSORS
v. LOVE et al.
(656 SE2d 576)

ANDREWS, Presiding Judge.

This appeal by the Fulton County Board of Tax Assessors (the Board) is from the trial court's order pursuant to OCGA § 5-6-48 (c) dismissing the Board's prior appeal for delay in filing a transcript for transmission as part of the appellate record. After a jury rendered a

---

[4] *Taquechel*, supra.

verdict in favor of David and Valerie Love on their residential property tax appeal in the Fulton County Superior Court; the Board filed a timely notice of appeal to this Court. The trial court subsequently granted the Loves' motion pursuant to OCGA § 5-6-48 (c) to dismiss the Board's appeal in that case because of delay in filing the trial transcript as part of the appellate record to be transmitted to this Court. The Board appeals from the dismissal of its prior appeal, and for the following reasons we reverse.

Pursuant to OCGA § 5-6-37, a notice of appeal "shall state whether or not any transcript of evidence and proceedings is to be transmitted as part of the record on appeal." Where an appeal draws into question the transcript of the evidence and proceedings, it is the appellant's duty to have the court reporter prepare the transcript at the appellant's expense and file the transcript with the clerk of the trial court for transmission to the appellate court as part of the record on appeal. OCGA § 5-6-41 (c), (e). Moreover, OCGA § 5-6-42 provides that, where the appellant intends to include a transcript of evidence and proceedings in the appellate record, the appellant must cause the transcript to be prepared by the court reporter and filed with the clerk of the trial court within 30 days after filing the notice of appeal, unless the appellant obtains an extension of time as provided in OCGA § 5-6-39.

The Board's February 13, 2007 notice of appeal from the tax verdict did not comply with OCGA § 5-6-37 because it failed to state whether or not any transcript of the trial evidence and proceedings was to be included in the record. Nevertheless, it is undisputed that on March 13, 2007, 28 days after the notice of appeal was filed, the Board caused the court reporter to prepare the transcript, and on March 26, 2007, 41 days after the notice of appeal was filed, the transcript was filed with the clerk of the trial court. The Board did not seek an extension pursuant to OCGA § 5-6-39.

On March 27, 2007, the Loves filed a motion contending that filing the transcript under these circumstances, 41 days after the notice of appeal, was an 11-day delay beyond the 30-day period for filing in OCGA § 5-6-42, and that the trial court was authorized to dismiss the Board's appeal pursuant to OCGA § 5-6-48 (c). Under OCGA § 5-6-48 (c),

> the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the party who had the duty to cause the transcript to be filed within the time allowed by law or order of court].

After an expedited hearing on March 30, 2007, the trial court entered an order on April 2, 2007, finding that the delay in filing the transcript was unreasonable, inexcusable, and caused by the Board, and dismissing the appeal pursuant to OCGA § 5-6-48 (c). We will reverse the trial court's findings on these issues only for an abuse of discretion. *Crown Diamond Co. v. N. Y. Diamond Corp.*, 242 Ga. App. 674, 676 (530 SE2d 800) (2000).

We find that the 30-day period for filing the transcript after the notice of appeal applied to the Board under these circumstances, even though the Board did not comply with OCGA § 5-6-37 by stating in the notice of appeal that it intended to include the transcript with the appellate record. But even if there was evidence supporting the trial court's finding that the delay in this case was inexcusable and was caused by the Board, there is no basis on the present record for the trial court's finding that the 11-day delay in filing the transcript was unreasonable under OCGA § 5-6-48 (c). Apart from the issue of whether the delay was inexcusable, whether the delay was unreasonable presents a threshold issue which "refers principally to the length and effect of the delay." (Citation and punctuation omitted.) *Sellers v. Nodvin*, 262 Ga. 205, 206 (415 SE2d 908) (1992). Because the time requirement of OCGA § 5-6-42 for filing a transcript is not jurisdictional, but merely a means to avoid delay so the case can be presented on the earliest possible calendar in the appellate court, failure to strictly comply does not justify dismissal of an appeal, "unless the delay is unreasonable so as to affect the appeal itself." (Citation omitted.) Id. at 207. "Thus the policy of the law is to avoid a dismissal of the appeal and reach the merits of the case where it is reasonable to do so." (Citation omitted.) Id. Where the delay in filing the transcript does not discernibly delay the docketing of the record in the appellate court, and does not prevent an appellate decision on the merits at the earliest possible date, the delay is not unreasonable. *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 22 (363 SE2d 265) (1987).

As we found with respect to the 11-day delay in *Galletta*, supra, there is no evidence that the 11-day delay in filing the transcript in the present case discernibly delayed docketing the record in this Court. The transcript was filed as part of the record on March 26, 2007, nine days before the April 4, 2007 date by which the trial court clerk stated that the record would have been prepared and transmitted for docketing in this Court. From this evidence, the trial court concluded: (1) that if the transcript had been timely filed as part of the record 11 days earlier, then the clerk would have been able to prepare and transmit the record to this Court 11 days earlier on March 25, 2007; (2) that if the clerk transmitted the record to this Court on March 25, 2007, instead of 11 days later on April 4, 2007, the appeal

would have been docketed at the end of this Court's January term rather than the beginning of the April term; and (3) therefore the 11-day delay in filing the transcript could have delayed consideration of the appeal by an entire term of this Court. Aside from the fact that this Court's April term does not begin until the third Monday in April, on the present record, it is pure speculation to conclude that, if the transcript had been filed as part of the record 11 days earlier, the trial court clerk would have prepared and transmitted the entire record to this Court 11 days before April 4, 2007. Accordingly, there is no evidence in the record to support the trial court's conclusion that the delay in filing the transcript could have caused consideration of the appeal to be delayed.

We find that the trial court abused its discretion by concluding that the delay was unreasonable, and erred by dismissing the Board's appeal.

*Judgment reversed. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 23, 2008.

*Robert L. Martin,* for appellant.
*Proctor Hutchins, Robert J. Proctor, Christopher M. Porterfield,* for appellees.